EDGAR T. PIERCE *et al.*

*v.*

RALPH PLUMB.

1. CONTRACT — *to pay certain indebtedness of another — construction — when a right of action accrues.* Where a party enters into a bond conditioned to pay certain indebtedness of the obligee therein, and save and keep him harmless from such indebtedness, the obligee is not bound to pay

off such indebtedness in case the obligor fails to do so in order to maintain a suit on the bond, but he may sue upon the bond and recover the amount of such indebtedness as soon as it has matured, if not paid by the obligor in the bond.

2. SPECIFIC PERFORMANCE— *of contract respecting personalty.* The general rule is that equity will not entertain jurisdiction for the specific performance of contracts respecting personalty.

3. SAME —*for mere payment of money.* Equity will not decree specific performance unless something more is to be done by it than mere payment of money, or any thing which ends in the mere payment of money, be cause the law is adequate to this.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BICKFORD, BOWEN & MALONY, for the appellants.

Mr. SAMUEL RICHOLSON, and Messrs. ELDRIDGE & LEWIS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was a bill in equity filed by appellants against the appellee.

The bill alleges, in brief, that the complainants, being railroad contractors for building the Chicago, Pekin and Southwestern Railroad, were indebted to divers persons for materials and labor, etc., and becoming embarrassed entered into an agreement with Plumb, the defendant, whereby they turned over to him their contract with the railroad company, and all their property used in and about the construction of the road; that in consideration of this transfer Plumb agreed to pay all of their indebtedness to their creditors as the same matured, and transfer to the complainants $15,000 of stock of said railroad company. That it was further agreed, that the creditors of complainants should have no right to sue defendant, and that he should not be liable to pay over $60,000 in satisfaction of said indebtedness. That Plumb entered into a bond in the penalty of $80,000, conditioned to pay the said creditors, and

328 ·       PIERCE *et al. v.* PLUMB.       [Sept. T.

Opinion of the Court.

further agreed to indemnify complainants against their said indebtedness. That Plumb had not paid the indebtedness nor delivered the railroad stock ; that some of the creditors, instead of paying, he had compromised with, paying less than the face of their demands; that in consequence of the surrender of their property to Plumb, complainants were unable, themselves, to pay their creditors, and the bill asked for a decree that Plumb should pay them and deliver the railroad stock. The bill set forth the bond, bearing date May 3, 1871, also a further written agreement made at the same time, the condition of the bond, and the agreement, being as follows :

" The condition of the above obligation is such, that whereas the above bounden Ralph Plumb has purchased the entire interest of said Pierce, Clark and Sharp in a contract or agreement they made with the Chicago, Pekin and Southwestern Railroad Company to construct and complete a road from Pekin to Chicago, and has received an assignment and delivery of the same to him, and has also purchased their, and each of their capital stock in said road, and has received an assignment and delivery of the certificates thereof, and has also purchased all of the personal property of said firm obtained by them in and about and for the purpose of constructing said road, and all rights and interests they have therein ; and as a part consideration therefor has agreed to pay all of the indebtedness created by them, as the same matures, to divers parties, whether for labor and materials purchased, or money borrowed, or for whatever purpose, providing such indebtedness or obligations were created for the use of said firm in constructing said road ;

" Now, if the above bounden Ralph Plumb shall well and faithfully perform his obligations, and shall pay and satisfy all of the indebtedness and obligations, then the above obligation to be void ; otherwise, of force ; — it being specially agreed that Ralph Plumb should not in any event be liable to pay indebtedness exceeding the sum of sixty thousand dollars, and shall not authorize the creditors of said firm to sue said

Plumb — a schedule or schedules of said debts to be made as soon as practicable, and in all cases the amounts of the different items of indebtedness to be fixed by said Pierce, Clark and Sharp."

"Rec'd, Chicago, Ills., May 3, 1871, of the firm of Pierce, Clark & Sharp, the sum of five thousand dollars, in full for all liabilities they may be put to in consequence of any suits in relation to their affairs as contractors of the C., P. & S. W. R. R. Co., and I agree to indemnify them from all costs, damages and expenses whatever in relation to the same.

"RALPH PLUMB."

The bill was demurred to. The court below sustained the demurrer, and dismissed the bill, and the complainants appealed to this court.

The transaction between the parties, as evidenced by the writings entered into at the time, was a sale of the interest and property of the complainants, for which Plumb gave his bond conditioned to pay debts of complainants to the amount of $60,000.

Plumb was not a trustee, and for aught we see, the complainants have a complete remedy at law in an action on the bond, and no sufficient reason for coming into a court of equity.

It is urged on the part of the appellants, that the contract of the defendant is an agreement to indemnify appellants, and save them harmless against their liability to their creditors; that upon a contract of indemnity, the party indemnified cannot maintain his action at law until damnified; that appellants, on account of the transfer of their property to the defendant, are unable to pay off their debts themselves, so as to have recourse upon the indemnity, and that equity will decree a specific performance of a general covenant to indemnify. Appellee insists that the separate indemnity agreement has reference only to the liability of the contractors under their railroad contract with the railroad company. Without

stopping to consider how this may be, but assuming appellants' construction to be the true one, that the agreement extends to the debts of the contractors referred to in the bond, we differ from appellants as to the force and effect to be given to the whole contract. Taking the agreement and bond together, we look upon it as more than a mere contract of indemnity ; as an agreement to pay the debts of appellants as they matured, as the purchase price of the property sold to appellee, and that after the maturity of the debts, appellants would not have to wait until they had paid them, or suffered damage in respect thereto, before they could have recourse upon appellee ; but that upon appellee's failure to pay the indebtedness when it matured, he would then be liable to an action upon the bond, not only for nominal damages, but where the recovery might be the amount of the indebtedness. Something more must be held to have been intended than that appellants should merely be saved harmless from their debts. Suppose that after the execution of this bond, appellants' creditors, moved by an impulse of generosity, had seen fit to forgive them all their debts, would it be said that appellee was relieved from all liability, and entitled to enjoy the property sold to him without paying any purchase price therefor ?

In *Ramlaugh* v. *Hayes*, 1 Vernon, 189 (cited in *Champion* v. *Brown*, 6 Johns. Ch. R. 405), where specific performance of an agreement to indemnify was decreed, Lord Keeper NORTH compared the case to that of a surety in a bond, who, though not molested for debt, yet, after the money is payable, the court will decree the principal to discharge it, it being unreasonable that a surety should always have such a cloud hanging over him. But according to the view we take of the contract, such a reason does not exist in the present case, and there is no necessity of coming into equity to get rid of appellants' cloud of indebtedness. They have their remedy at law in an action on the bond, after the indebtedness matures, and without the necessity of first paying it themselves, to recover the amount thereof in damages, with which the indebtedness may

be discharged. The decree in equity would be but to pay the money, and a judgment at law for it would seem to be of equal avail. It may be stated as one of the rules on this subject, that equity will not decree specific performance, unless something more is to be done by it than mere payment of money, or any thing which ends in the mere payment, because the law is adequate to this. 2 Pars. on Cont. 523.

Whatever question may arise in respect of the compromise of debts, paying them in part instead of their full face may be availed of as well at law as in equity. So far as respects the debts mentioned in the bond, we are of opinion there was a complete remedy at law, and that on that ground the demurrer was properly sustained.

With respect to the railway shares to be transferred by appellee, the question is somewhat varied. The doctrine seems well settled that a contract for the delivery of government stocks, will not be specifically enforced in a court of equity, on the ground that there can be no difference between one man's stock and another's ; that with the damages recoverable at law for breach of the agreement, the party may, if he please, buy the quantity of stock agreed to be transferred to him, so that the damages at law, calculated on the market price of the stock, are as complete a remedy for the purchaser as the delivery of the stock contracted for. 2 Story's Eq. Jur., §§ 717, 717a, 724 ; 2 Pars. on Cont. 528, 529 ; *Cud* v. *Rutter*, 1 P. Wms. 570. There is a certain class of railroad stocks which are the subject of every-day sale in the market, and their prices of sale of daily quotation in the public prints published at the chief commercial centers, to which we see no reason why the same rule should not apply as to government stocks.

This railroad stock, we presume, does not belong to that class. Still the contract is one respecting personalty, and the general rule is, that equity will not entertain jurisdiction for a specific performance of such contracts, a compensation in damages being supposed, in such cases, to furnish an adequate

remedy. There is no showing whatever of any peculiar circumstances as regards this stock; that it possesses any peculiar value; that appellants want it *in specie*, and that they cannot otherwise be fully compensated. No ground of equitable cognizance is shown, beyond the statement of the agreement to assign and transfer, and its non-fulfillment; not even an injunction being asked.

In fine, we are of opinion that the bill does not show that there is not an adequate and complete remedy at law, and that the court properly sustained the demurrer and dismissed the bill. The decree will be affirmed.

*Decree affirmed.*