## C. B. SNYDER *vs.* AMORY LELAND & others.

Suffolk. March 25. — Aug. 18, 1879. AMES & LORD, JJ., absent.

Under the Gen. Sts. *c.* 55, § 8, a special partner is liable, in case the assets of the partnership are insufficient to pay the debts, only for the amount withdrawn by him ; and he cannot maintain a bill in equity against his general partner for the appointment of a receiver, if the bill does not allege that the assets of the partnership are insufficient to pay the debts, or that the conduct of the general partner in settling the affairs of the partnership is such that there is danger of insolvency.

BILL IN EQUITY, filed October 3, 1878, against Amory Leland, Charles H. Allen and the executors of Benjamin E. Bates, to settle the affairs of a partnership. The defendants demurred to the bill for want of equity. Hearing before *Ames*, J., who sustained the demurrer, and ordered the bill to be dismissed with costs. The plaintiff appealed to the full court. The facts appear in the opinion.

*J. D. Ball*, for the plaintiff.

*A. S. Wheeler & H. D. Hyde*, for the defendants.

ENDICOTT, J. The plaintiff and Benjamin E. Bates were special partners in the firm of Leland, Allen & Bates. Before

the final dissolution of the firm, the plaintiff assigned all his interest of every description therein to Benjamin E. Bates, and the instrument executed by them provided that the firm of Leland, Allen & Bates should be accountable as to all matters arising out of the partnership transactions to Benjamin E. Bates, instead of being accountable to the plaintiff. Benjamin E. Bates continued to be a special partner in the firm, holding his original interest therein and the interest assigned to him by the plaintiff, until the dissolution in June 1877. In 1878, he died, and the bill alleges that his estate is insolvent, and his legal representatives will be unable to perform the agreements contained in the instrument of assignment.

Being a special partner, the plaintiff is not liable for the debts of the limited partnership; but in case the assets are insufficient to pay the debts, as special partner he may be held responsible for all sums withdrawn by him. Gen. Sts. c. 55, § 8.

The bill alleges " that certain interest on the capital contributed by him " has been drawn out, the amount of which is not stated; and it is not contended that the plaintiff can be liable for any sum beyond this, whatever it may be. But the bill nowhere alleges that the firm is insolvent, or that the assets are insufficient to pay the debts, or that the conduct of the general partner in settling the partnership is such that they will be insufficient. The substance of the allegations is, that, while the general partners have paid a portion of the debts, they have not used due and proper diligence in the conversion of assets, and the settlement of the affairs of the firm, and do not agree with the plaintiff as to the manner of winding up the partnership, and will not allow him to examine the books; that a large amount of the debts is outstanding, and that, if they continue to have the management of the affairs of the firm, " great and injurious delay and damage will arise to creditors and to the interest of the respective partners." The bill therefore prays for the appointment of a receiver.

But we are of opinion that no case is stated for the appointment of a receiver. Whether, upon the allegations of the bill and the transactions thereby disclosed, the plaintiff has still the interest of a special partner, and what would be the extent of his rights, as such, in the event of the insolvency of the estate of

Benjamin E. Bates, we are not called upon to determine. Assuming that he would have the right to ask for the appointment of a receiver, if the assets are insufficient to pay the debts, on the ground that he would be responsible in that event to creditors for all sums withdrawn by him; yet, as that is the extent of his liability, he is not entitled to relief, except when the assets are insufficient, or when the conduct of the general partner is such that there is danger of insolvency; and this he has not alleged in his bill.                    *Decree affirmed, with costs.*