SPENCER SAVINGS BANK *vs.* MARY L. COOLEY & others.

Hampden.    September 25, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Bond to save Bank harmless from Mechanic's Liens, etc.*

At the trial of an action by a bank against the principal and sureties on a bond to recover for a breach of a condition to save the bank harmless "from all mechanic's and other liens" on property of the principal on which the bank took a mortgage, and from "all expenses, costs, and charges arising out of any such lien or liens," it appeared that the mortgage was foreclosed by the bank for nonpayment of taxes and interest; that in the notice of the foreclosure sale it was stated that the "premises will be sold subject to all unpaid taxes, mechanic's liens, and assessments"; that at the sale the property was bid off by an agent of the bank for the amount of the mortgage, interest, and costs of foreclosure, and he took a deed in his own name and immediately quitclaimed to the bank; that after the foreclosure judgments were recovered on mechanic's liens against the property, and the principal and sureties were notified to defend the actions, but did not do so, and that to prevent the sale of the property the bank settled the judgments, the bondsmen having refused so to do on request. *Held,* that the bank had sustained no loss, and that this action to recover for the sums thus paid could not be maintained.

CONTRACT, on a bond for $1,000. The case was submitted to the Superior Court, and, after judgment for the defendants by

*Maynard*, J., to this court, on appeal, upon agreed facts, the nature of which appears in the opinion. If the plaintiff was entitled to recover, judgment was to be entered for him for such amount as should be proper; otherwise judgment was to be entered for the defendants.

*A. L. Green & F. F. Bennett*, for the plaintiff.

*J. B. Carroll & W. H. McClintock*, for the defendants.

MORTON, J.. This is an action on a bond against one Mary L. Cooley, as principal, and Gilbert E. Russell and George P. B. Alderman, as sureties, to recover for a breach of a condition to save the plaintiff harmless " from all mechanic's and other liens " on certain property belonging to said Mary L. Cooley, on which the plaintiff took a mortgage, and from " all expenses, costs, and charges arising out of any such lien or liens." The mortgage was foreclosed by the plaintiff for non-payment of taxes and interest. In the notice of the foreclosure sale it was stated that the " premises will be sold subject to all unpaid taxes, mechanic's liens, and assessments." At the sale the property was bid off by one Craig, acting for the plaintiff, for $7,388, which was the amount of the mortgage, interest, and costs of foreclosure, and he took a deed in his own name, and immediately quitclaimed to the bank. After the foreclosure, judgments were recovered on mechanic's liens against the property in favor of one Lynch for $657.60 and costs, and in favor of one Fowles

---

for $1,002 and costs. The principal and sureties on the bond were duly notified to come in and defend these actions, but did not do so. To prevent the sale of the property the bank settled these judgments, having first requested the bondsmen to do so, which they refused to do. This action is to recover for the sums thus paid.

The object of the bond was to save the bank harmless as mortgagee from any loss which it might sustain by being compelled to pay any mechanic's liens and other liens on the property, and any expenses, costs, or charges arising out of such liens. But as the case stands the bank sustained no loss in being compelled to pay the mechanic's liens which it settled. The property was bid off for the amount of the mortgage and interest and costs of foreclosure, " subject to all unpaid taxes, mechanic's liens, and assessments." In other words, the bank was content to pay for the property a sum equal to the mortgage, interest, costs of foreclosure, unpaid taxes, mechanic's liens, and assessments. If that was the value of the property, as for aught that appears it may have been, then the bank clearly suffered no loss or damage in being compelled to pay the mechanic's liens, and to permit it to recover of the defendants would be to allow it to make out of the transaction a profit at their expense equal to the amount paid by it to settle the liens. But, irrespective of the value of the property, if, under the terms of the sale, the property had been bid off for a sum larger than the amount of the mortgage, interest, and costs of foreclosure, the bank would not have been at liberty to apply the excess to the payment of the mechanic's liens, but would have been accountable to the mortgagor or her assignee for the same, and would have been compelled to pay the liens. *Skilton* v. *Roberts*, 129 Mass. 306. *Brown* v. *Holyoke Water Power Co.* 157 Mass. 280.

The transaction would also have operated as a payment of the mortgage. *Hood* v. *Adams*, 124 Mass. 481. Manifestly the bank cannot occupy a better position where the notice expressly states that the property is to be sold subject to mechanic's liens than it would if the notice did not contain that statement. We think that the ruling was right.

*Judgment for the defendants.*