JOSEPH PARO *vs.* THEOPHILE ST. MARTIN.

Hampden.    September 25, 1901. — October 18, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Damages*, For breach of contract. *Mortgage*, Agreement to assume and pay.

In an action for breach of an agreement to pay off a mortgage, it appeared, that the plaintiff conveyed to the defendant a farm subject to the following condition: "It is conditioned, however, and provided, nevertheless, that the said T. S., or his heirs, shall at all times for and during my natural life support and maintain me on said farm, if I shall so elect, both in sickness and in health, or if I shall so elect, during such portion of time as I shall elect, pay to me in lieu thereof the sum of fifteen dollars each month during my life." The deed contained

covenants of seisin and against incumbrances except a mortgage named which it was stated "the grantee assumes and agrees to pay." The plaintiff, after living with the defendant on the farm, elected to remove therefrom, notified the defendant thereof and received from him in lieu of support and maintenance on the farm $15 a month down to the time of bringing the action. The defendant failed to pay off the mortgage and it was foreclosed, the mortgagee receiving from the proceeds of the sale a sufficient sum to pay the mortgage debt in full. The estimated value of an annuity at the rate of $15 a month during the remainder of the plaintiff's life was $1,175, which was less than the value of the land. *Held*, that the plaintiff was entitled to recover the estimated value of the annuity.

CONTRACT for breach of an agreement to pay off a certain mortgage assumed by the defendant in accepting a deed of a farm from the plaintiff with a condition requiring the support of the plaintiff during the remainder of his life in the manner therein provided. Writ dated July 25, 1899.

At the trial in the Superior Court, before *Bell*, J., without a jury, the judge respectively refused and made the rulings stated in the opinion of the court. The judge made certain findings of fact, which also are stated in the opinion, and found for the plaintiff in the sum of $1,175. The defendant alleged exceptions.

*H. W. Ely & C. F. Ely*, for the defendant.

*W. S. Kellogg*, for the plaintiff.

LATHROP, J. The plaintiff conveyed to the defendant a farm subject to the following condition : " It is conditioned, however, and provided, nevertheless, that the said Theophile St. Martin, or his heirs, shall at all times for and during my natural life support and maintain me on said farm, if I shall so elect, both in sickness and in health, or if I shall so elect, during such portion of time as I shall elect, pay to me in lieu thereof the sum of fifteen dollars each month during my life."

The deed contained covenants of seisin and against incumbrances, " except a mortgage to one Lyons of Southampton, Mass., which grantee assumes and agrees to pay." The action is brought for breach of the agreement to pay the mortgage.

It appeared in evidence that, after living with the defendant on the premises conveyed, the plaintiff elected to remove therefrom, notified the defendant thereof and received from him in lieu of support and maintenance on the premises $15 a month thereafter, down to a time after the bringing of the suit.

It also appeared that the mortgage and the note therein described not having been paid, the mortgage was foreclosed, and the mortgagee received a sum sufficient to pay the note and interest, and costs.

The defendant asked the court to rule that on the evidence the plaintiff was not entitled to recover. There was also another request that the plaintiff was entitled to recover at the rate of $15 a month only for the time the plaintiff had been away from the farm down to the bringing of the action. These requests the court declined to give, and found for the plaintiff in the sum of $1,175, being the estimated value of an annuity for the plaintiff's life. It was also found that the value of the land exceeded that sum. The case is before us on the defendant's exceptions to the refusal of the judge to give the rulings requested, and to the rulings given.

There can be no question that the defendant was not entitled to the rulings requested. He had agreed to pay the mortgage on the land, and had not done so. There being a breach of the contract, the plaintiff was at least entitled to nominal damages, and to substantial damages if he sustained any. *Pike* v. *Brown*, 7 Cush. 133. *Braman* v. *Dowse*, 12 Cush. 227. See also *Furnas* v. *Durgin*, 119 Mass. 500, 506; *Locke* v. *Homer*, 131 Mass. 93, 108.

In the case before us, if the defendant had performed his agreement, the plaintiff would have had the land unincumbered as security for the performance by the defendant of his promise to support the plaintiff. By the neglect of the defendant this security was lost. The damage to the plaintiff is the value of the security, at least up to the value of the debt secured. *Rice* v. *Sanders*, 152 Mass. 108, 112, and cases cited. The debt secured was the amount of the mortgage with interest, and a sum sufficient to support the plaintiff for life. As the mortgage has been satisfied, the plaintiff can recover nothing for this, but he is entitled to be supported, and to a sum sufficient for this purpose. The ruling of the court below therefore was right. See *Walton* v. *Ruggles*, ante, 24.

*Exceptions overruled.*