REBECCA LESHEFSKY, administratrix, *vs.* AMERICAN EMPLOYERS' INSURANCE COMPANY.

Suffolk.    February 4, 1935. — January 4, 1936.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Practice, Civil,* Exceptions: construction of bill, what questions open, when exception lies. *Bond,* For payment of taxes. *Mortgage,* Of real estate: taxes. *Damages,* For breach of contract.

In a bill of exceptions the statement that certain "facts appeared" meant that they were admitted.

After hearing of an action without jury and without oral testimony upon the pleadings and admitted facts, and a general finding for the defendant, and upon the plaintiff's bill of exceptions reciting such proceedings, an exception to the finding raised the question of law whether the finding was permissible on the facts.

A surety bond running to a third mortgagee was construed to be conditioned upon a junior mortgagee's payment of overdue taxes by a certain date or upon full payment of the third mortgage; and (the third mortgage not having been paid) there was a breach upon the failure of the obligor so to pay the taxes, and in an action on the bond the obligee was entitled to recover at least nominal damages.

Forfeiture of such bond was not saved by foreclosure, after the breach, of the second mortgage and purchase, subject to the taxes, by the obligee of the bond at the foreclosure sale, nor by the obligee's subsequent payment of the taxes.

In an action upon such bond, the measure of damages would be the amount, not in excess of the amount of the taxes, by which the plaintiff's security was diminished by their nonpayment.

CONTRACT. Writ in the Municipal Court of the City of Boston dated April 11, 1933.

Upon removal to the Superior Court, the action was heard without jury by *Donnelly*, J., as described in the opinion.

*N. Efron*, for the plaintiff.

*H. L. Barrett*, for the defendant.

FIELD, J. This is an action of contract brought against the surety on a bond as sole defendant for damages for breach of the bond. G. L. (Ter. Ed.) c. 235, § 13. The case was tried before a judge sitting without a jury who found generally for the defendant. The plaintiff excepted to this finding. No motion or request for a ruling of law made by either party is set forth or referred to in the bill of exceptions.

The bill of exceptions states that the "original bond was introduced in evidence at the trial, and a copy thereof is attached to the plaintiff's declaration. The pleadings are made a part of this bill of exceptions by reference and may be referred to at the argument before the Supreme Court." The bill states further that "No testimony of witnesses was taken, but in lieu thereof, the case was tried on the pleadings, the undisputed statements of counsel, admissions of fact, and certain exhibits, including said original bond on which the action was brought. From these, and the infer-

ences to be drawn therefrom, the following facts appeared." The facts so appearing are set forth in the bill of exceptions which states that it "contains all of the evidence material to the questions raised herein."

The statement in the bill of exceptions that "the following facts appeared" must be construed "to mean that they were undisputed, or in other words that they were admitted." *Neal* v. *Scherber,* 207 Mass. 323, 325. Compare *Pye* v. *Faxon,* 156 Mass. 471, 473. The recital of those facts in the bill of exceptions refers to the bond in such a way that the copy thereof attached to the plaintiff's declaration must be regarded as incorporated in such recital. Apart from the admitted facts no evidence is set out in the bill of exceptions. The exception to the finding for the defendant, therefore, at most presents for decision only the question whether as matter of law on the admitted facts this finding was permissible. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. *Ashapa* v. *Reed,* 280 Mass. 514, 516.

The defendant contends, however, (a) that the exception to the finding presents no question of law for decision and (b) that even if it does no error of law is disclosed.

1. The exception to the finding for the defendant presents for decision the question of law whether on admitted facts the finding was permissible.

Doubtless a general finding for the defendant in a case tried by a judge sitting without a jury implies a ruling that such a finding was permissible as matter of law on the evidence. But in the ordinary case of a trial on evidence an exception to a general finding is not sufficient to bring such an implied ruling before us for review. For this purpose there must be an exception to a specific ruling of law, or to the denial of a request for a specific ruling of law or of a pertinent motion. *Keohane, petitioner,* 179 Mass. 69, 73. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 557, and cases cited. See also *Fisher* v. *Drew,* 247 Mass. 178, 181; *New Bedford Cotton Waste Co.* v. *Eugen C. Andres Co.* 258 Mass. 13, 16. This requirement rests upon the principle that no exception lies to the finding of a judge on a question of fact (*Ames* v. *McCamber,* 124 Mass. 85, 91)

and that a separation of the questions of fact and of law involved therein must be made so that the question of law is brought specifically to his attention. Where, however, all material subsidiary facts have been found or are agreed, though inferences of fact may be drawn therefrom, the separation of the questions of fact and of law involved in a general finding based thereon has been largely made and a motion or a request for a specific ruling of law would serve little purpose. In such a case an exception to a general finding brings before us the question of law whether it was permissible on the subsidiary facts established. See *Andrews* v. *Registrars of Voters of Easton*, 246 Mass. 572, 576–577. *Bianco* v. *Ashley*, 284 Mass. 20, 26. Compare the somewhat analogous situation in the case of an appeal under G. L. (Ter. Ed.) c. 231, § 96, from a decision on facts agreed as evidence. *Frati* v. *Jannini*, 226 Mass. 430, 432, and cases cited.

2. The finding for the defendant was not permissible on the admitted facts.

Material facts admitted include the following: "The plaintiff, as the administratrix of the estate of Harris Leshefsky, was the holder of an unpaid third mortgage, in the principal sum of . . . $11,000 on a parcel of real estate . . . [in] Boston, Massachusetts. One Sarkis Meloian, the principal in the bond referred to, was the holder of a junior mortgage on said real estate. Prior to March 7, 1930, the bill for the tax assessed against said parcel of real estate by the city of Boston as of April 1, 1929, and amounting to . . . $1,260, had not been fully paid and a balance thereof was outstanding. The failure to fully pay said tax constituted a breach of condition of the mortgage held by the plaintiff. The plaintiff demanded that said Meloian, as holder of a junior mortgage of the said real estate, pay the balance of the 1929 real estate tax and other tax liens, or else the plaintiff would make entry, and/or foreclose the mortgage held by her. Instead, however, the plaintiff agreed to, and did, accept from said Meloian the bond referred to, dated March 7, 1930, with Meloian as principal and the defendant as surety, the pertinent condition thereof being that the said Meloian 'will pay or

cause to pay the outstanding real estate tax assessed as against said property hereinbefore mentioned for the year 1929 upon which there remains to be paid approximately the sum of . . . $300 together with interest and costs, which payment is to be made on or before April 20th, 1930.' The bond was also upon the further condition that 'if the mortgage hereinbefore described held by the said Rebecca Leshefsky, Administratrix as aforesaid, is paid off in full,' then the obligation of the bond was to be 'null and void otherwise to remain in full force and effect.' The mortgage held by the plaintiff has not been paid off in full. The balance of the real estate tax assessed as of April 1, 1929, referred to in the bond was not paid or caused to be paid by said Meloian or the defendant, either on or before April 20, 1930, or thereafter. Subsequently one Anna C. Maguire, the holder of the second mortgage on said real estate, instituted proceedings to foreclose her second mortgage under the power of sale contained therein and sold said real estate at public auction on December 20, 1930, 'subject to any and all unpaid taxes, tax titles, municipal liens and assessments, if any there be.' The plaintiff purchased said real estate for . . . $500 at said second mortgagee's foreclosure sale in order to protect her interests as third mortgagee. The balance of the 1929 real estate tax not having been paid, the collector of taxes of the city of Boston caused said real estate to be sold under the tax lien for the balance of said unpaid taxes, and interest and costs, and the purchaser at said tax sale filed a petition in the Land Court on March 2, 1933, to foreclose the right of redemption from said tax title. In order to redeem said real estate from the tax title the plaintiff was obliged to, and did, pay the holder of the tax title the sum of . . . $355.81," including the balance of the 1929 tax, interest and costs. G. L. (Ter. Ed.) c. 60, § 68. The bond describes the obligee, the plaintiff in this case, as "the holder of a mortgage," which is the mortgage referred to in the admitted facts, and recites that the "mortgagee has made demand upon the owner of the equity that certain taxes be paid upon said property."

The conditions of the bond are more fully set forth in the margin.*

The nature of the obligation of the principal obligor with reference to the real estate tax in question, for which the defendant is surety, is to be determined from the bond as a whole. The language of the specific condition thereof with respect to the real estate tax — which had already become payable when the bond was given — imports an absolute promise on the part of the principal obligor to pay such tax or to cause it to be paid on or before a fixed date, April 20, 1930. The word "indemnify" is used in the bond with reference only to water liens. But even if it had been used with reference to this real estate tax an additional promise of indemnity would not restrict the effect of an absolute promise of payment. *Farnsworth* v. *Boardman*, 131 Mass. 115, 121. *Shattuck* v. *Adams*, 136 Mass. 34, 36. *Goewey* v. *Sanborn*, 277 Mass. 168, 172, 174–175. The bond, however, was on the express condition, limiting the effect of the promise of the obligor to pay the real estate tax or to cause it to be paid, that the mortgage should not have been paid in full. And the plaintiff was not personally liable for the tax, though she could pay it and add the

---

* The conditions of the bond are as follows: "The condition of this obligation is such that the said Sarkis Meloian shall pay and cause to discharge all the outstanding water liens now upon said property in or within one and a half (1½) years from this date, which liens appear of record as follows: [here follows a list of such liens] . . . and indemnify the said mortgagee, Rebecca Leshefsky, Administratrix as aforesaid from any and all damages, claims, expenses and counsel fees, which the said Rebecca Leshefsky, Administratrix as aforesaid, may be put to as a result of any action brought by the City of Boston to enforce water liens now outstanding against said property, for any unpaid and outstanding water bills contracted up to the present time against the above-described property, and further that said Sarkis Meloian will pay or cause to pay the outstanding real estate tax assessed as against said property hereinbefore mentioned for the year 1929 upon which there remains to be paid approximately the sum of Three Hundred ($300) Dollars together with interest and costs, which payment is to be made on or before April 20th, 1930. This bond is upon the further condition that if the mortgage hereinbefore described held by the said Rebecca Leshefsky, Administratrix as aforesaid, is paid off in full then this obligation to be null and void otherwise to remain in full force and effect. This bond is upon the further condition that the acceptance of the bond by the mortgagee, Rebecca Leshefsky, Administratrix as aforesaid, shall in no way constitute a defense or waiver to any action which she may take or entry she may make as holder of the mortgage for any breach of condition or conditions of the mortgage that may arise or now exists other than the non-payment of the 1929 taxes hereinbefore described or liens for water, if any."

amount thereof to the amount of her mortgage, but the tax constituted a lien on the mortgaged real estate paramount to the lien of her mortgage and diminishing her security thereunder. G. L. (Ter. Ed.) c. 60, § 37. *Stevens* v. *Cohen,* 170 Mass. 551, 554. *Pearmain* v. *Massachusetts Hospital Life Ins. Co.* 206 Mass. 377. *Security System Co.* v. *S. S. Pierce Co.* 258 Mass. 4, 5. It is apparent, therefore, that the object of the bond was to protect the plaintiff's security under her mortgage and that to this extent the bond was in the nature of a bond of indemnity. Compare *Valentine* v. *Wheeler,* 122 Mass. 566. But the method provided by the bond for protecting the plaintiff's security against the paramount lien of the real estate tax in question was the payment of such tax on or before the date fixed for such payment by the bond and not merely reimbursement of the plaintiff for loss ultimately sustained by her on her mortgage by reason of nonpayment of the tax. See *Locke* v. *Homer,* 131 Mass. 93, 107. See also *Broadway National Bank of Chelsea* v. *Hayward,* 285 Mass. 459, 465–466. And see *Richardson* v. *Gordon,* 188 Mass. 279, 281; *Goewey* v. *Sanborn,* 277 Mass. 168, 174–175. A contrary interpretation of the bond would give no effect to the provision therein for payment of the tax on or before a fixed date which, so far as appears, was wholly independent of the due date of the plaintiff's mortgage. And the fact that the condition with respect to water liens provides for payment and discharge thereof on or before a fixed date later than the date on or before which the real estate tax was to be paid supports the interpretation here given to the condition with respect to the real estate tax. Expressed in terms of indemnity the promise of the principal obligor was to indemnify the plaintiff against the existence of a paramount lien for the real estate tax diminishing the plaintiff's security. See *Wood* v. *Pacific Surety Co. of California,* 116 Minn. 474, 478; *Strimling* v. *Union Indemnity Co.* 172 Minn. 320, 322. It was in the nature of a guaranty of the security value of the mortgaged property. See *Province Securities Corp.* v. *Maryland Casualty Co.* 269 Mass. 75,

95–96; *James Stewart & Co. Inc.* v. *National Shawmut Bank of Boston,* 291 Mass. 534, 564.

There was a breach of the promise of the principal obligor as above interpreted. The condition that the bond should become null and void if the plaintiff's mortgage is paid in full has not become operative, for this mortgage has not been paid in full. According to the terms of the bond the breach occurred when the principal obligor failed to pay the tax, or to cause it to be paid, on or before April 20, 1930.

Even if, on the principle that time was not of the essence of the contract, payment made, or caused to be made, after April 20, 1930, would have saved a forfeiture of the bond (see *Hogins* v. *Arnold,* 15 Pick. 259, 262, 263), forfeiture has not been saved on this ground, for the principal obligor has not made such payment or caused it to be made. Nor was the liability for the tax extinguished in any other way before the sale on foreclosure of the second mortgage so as to save a forfeiture. And it was not extinguished by the foreclosure sale. In this respect the case is distinguishable from *Warneke* v. *Wyczatycki,* 269 Mass. 179, relied on by the defendant. Furthermore, it must be assumed that the price paid at the foreclosure sale was the fair value of the equity in the real estate and meant that the purchaser was willing to pay it and in addition to pay the tax in question. *Crane* v. *White,* 215 Mass. 478, 479–480. The proceeds of the foreclosure sale, therefore, available after payment of the second mortgage for payment of the plaintiff's mortgage, were diminished by reason of the tax lien which the principal obligor failed to extinguish as required by the bond and, on the admitted facts, were insufficient for the payment of the plaintiff's mortgage by more than the amount of the tax. This result was not affected by the fact that the plaintiff was the purchaser at the foreclosure sale and, as such, would be obliged to pay the tax, in substance as a part of the purchase price, or by the fact that the plaintiff later paid the tax. The object of the bond was to protect the plaintiff's security against such a result. This object had wholly failed when the real estate was sold to

her, and payment of the tax thereafter by the plaintiff as purchaser at the foreclosure sale would be too late, even if time was not of the essence of the contract, to save a forfeiture or to discharge the obligors of the bond from the liability which had already matured.

The case is distinguishable from *Spencer Savings Bank* v. *Cooley*, 177 Mass. 49, relied on by the defendant. In that case the bond was a pure bond of indemnity against loss — on mechanics' and other liens on the mortgaged real estate — and, consequently, proof of loss was an essential element of the plaintiff's case. Furthermore, in that case the price at which the mortgaged real estate was sold on foreclosure was sufficient to pay the plaintiff's mortgage in full so that the plaintiff sustained no loss and recovery on the bond would have resulted in a double recovery by the plaintiff to the extent of the amount recovered on the bond. See also *American Building & Loan Association* v. *Waleen*, 52 Minn. 23. In the present case the plaintiff's mortgage has not been paid in full and her security has proved inadequate for that purpose. If she does not recover on the bond she will fall short of a complete single recovery on her mortgage.

In this action, unlike an action at law on an ordinary bond of indemnity (see *Locke* v. *Homer*, 131 Mass. 93, 98; *Spencer Savings Bank* v. *Cooley*, 177 Mass. 49; see also *Victor* v. *Levine*, 267 Mass. 442, 444), proof of loss is not an essential element of the plaintiff's case. For the breach of the bond the plaintiff is entitled to recover nominal damages and substantial damages if she has sustained any. *Locke* v. *Homer*, 131 Mass. 93, 108. *Paro* v. *St. Martin*, 180 Mass. 29, 31. *Broadway National Bank of Chelsea* v. *Hayward*, 285 Mass. 459, 465–466. Compare *Bailey* v. *Agawam National Bank*, 190 Mass. 20, 25–26. A finding for the defendant, therefore, was not permissible (*Pacheco* v. *Medeiros*, 292 Mass. 416, 422) and the plaintiff's exceptions must be sustained.

3. Though the admitted facts show that the plaintiff is entitled to a finding in her favor, they do not show whether she is entitled to substantial damages.

The measure of damages for breach of a promise to pay a debt or tax owed by the promisee personally or charged upon his property is the amount of such debt or tax. *Furnas* v. *Durgin,* 119 Mass. 500, 507. *Farnsworth* v. *Boardman,* 131 Mass. 115, 122. *Bowditch* v. *Chickering,* 139 Mass. 283, 288. *Goewey* v. *Sanborn,* 277 Mass. 168, 174–175. The same measure of damages is applicable where the debt or tax is merely charged on property held by the promisee as security, subject, however, to the limitation that the damages shall not exceed either the value of the security lost by reason of nonpayment of the debt or tax, or the amount of the debt secured determined as of the time of the breach. *Paro* v. *St. Martin,* 180 Mass. 29, 31. See also *Rice* v. *Sanders,* 152 Mass. 108, 112; *Province Securities Corp.* v. *Maryland Casualty Co.* 269 Mass. 75, 95–96.

The amount which the principal obligor promised to pay was the tax "together with interest and costs." It is apparent that this amount did not exceed the amount of the debt secured by the plaintiff's mortgage. The payment of the tax according to the terms of the bond, however, would have extinguished a lien on the mortgaged real estate paramount to both the second mortgage and the plaintiff's mortgage and, in the first instance, would have benefited the second mortgagee. See *Pearmain* v. *Massachusetts Hospital Life Ins. Co.* 206 Mass. 377. The plaintiff lost security by reason of the nonpayment of the tax according to the terms of the bond only to the extent that the security for her mortgage, subject to the lien of the second mortgage, was diminished by such nonpayment. If, with the tax paid, she would have had no security of value, she lost nothing by nonpayment thereof. Without evidence, therefore, of the amount of the lien of the second mortgage, of which there is none, the value of the security lost by the plaintiff, if any, by reason of nonpayment of the tax cannot be determined.

It follows that the exceptions must be sustained and judgment entered for the plaintiff. But since it cannot be determined from the admitted facts whether that judgment should be for nominal damages or for substantial

damages and, if for substantial damages, the amount thereof, the case is to stand for hearing in the Superior Court on damages only and the judgment entered for the plaintiff is to be for damages determined in accordance with the principles herein stated including, if substantial damages are awarded, interest on damages determined as of the time of the breach from that time to the date of the writ, and interest on the aggregate from the date of the writ. G. L. (Ter. Ed.) c. 231, § 124. *Goewey* v. *Sanborn*, 277 Mass. 168, 175.

*So ordered.*