*Municipal Court of the West Roxbury District*

No. 15992

## EDWARD J. RONCO, JR.

v.

## HARRY L. SILVA

*Nash, J.* Contract or tort with the writ dated April 10, 1951, whereby the plaintiff seeks to recover *overpayments of rent and penalties* under the provisions of the Housing and Rent Act of 1947. The parties agree that the plaintiff was a tenant at will of the defendant from January 1, 1950 through February 28, 1951 and that the plaintiff paid to the defendant sixty ($60.00) dollars a month for the months of January, February, March, April, May, June, July, August and September of 1950. On conflicting testimony the Court found that the premises were registered at the Area Rent Office on January 12, 1943 at the maximum rental of thirty ($30.00) dollars a month; that on January 1, 1950 the plaintiff rented the premises at sixty ($60.00) dollars a month and occupied them from January 1, to February 28, 1951 at that rental; that the plaintiff paid no rent from October 1, 1950 to March 1, 1951, claiming he had learned that the maxi-

[131]

mum rent was thirty ($30.00) dollars and the overpayments should be credited him for future rent; that on October 11, 1950 he received notice to quit for non-payment of rent; that the defendant had made inquiries in August, 1947 at the Area Rent Office about an increase in rent, and he was advised that an increase of thirty dollars a month would be allowed if specified installations were made and the approval of the Area Rent Director was obtained; that though the defendant testified he made those improvements no authority was given by the Area Rent Office to increase the rent to sixty ($60.00) dollars from the thirty dollar rent previously established and that the legal maximum rent when the plaintiff rented the premises was thirty ($30.00) dollars a month; that the defendant intentionally misconstrued the information received from the Area Rent Office as a device to increase the rent to sixty ($60.00) dollars a month; that the overcharge in rentals within a year of the date of the writ is for five months and aggregates one hundred and fifty ($150.00) dollars; that this figure is trebled by the statute to four hundred and fifty ($450.00) dollars; that the defendant agrees from this figure the sum of one hundred and fifty ($150.00) dollars for five months unpaid rent should be deducted leaving three hundred ($300.00) dollars as excess rent due; that the defendant was guilty of a wilful and intentional violation of the Housing and Rent Act; that the defendant is liable also for a reasonable attorney's fee; and that judgment should be entered for the plaintiff in the sum of four hundred ($400.00) dollars.

The defendant seasonably filed four requests for rulings set forth in the report and the Court denied the first three and allowed the fourth. The defendant claiming to be aggrieved by the action of the Court in its findings of facts, numbered five and six, and in denying the requests for rulings numbered one, two and three, asks for this report for determination by the Appellate Division.

The plaintiff seasonably filed a motion to dismiss the request for a report and a motion to disallow and dismiss the defendant's draft report. These motions were denied whereby the plaintiff claiming to be aggrieved requested a report to the Appellate Division for determination.

We assume that the plaintiff's motion was based upon a contention that the defendant had not complied with Rule 27 of the District Courts, '940 Edition, which contains the provision that "The written request for a report to the Appellate Division shall include a clear and concise statement of the rulings upon which a rehearing is requested sufficiently full and accurate for identification."

The defendant's request for a report was based in part upon the Court's denial of his requests "numbered one, two and three." This was sufficient identification of the requests for rulings to comply with the rule set forth above and the motion was properly denied. *Barton* v. *Cambridge*, 318 Mass. 420, 422, 423. The trial court under the caption "A. *Findings of Facts*," enumerated several of its findings of facts. Of this number the defendant claims to be aggrieved by the action of the Court in making the following findings:

"5. From the testimony of, and the documents submitted by a representative from the Area Rent Office, I infer and find as a fact that no authority was given by that Office to the landlord to increase the maximum rent from thirty to sixty dollars, and I further find that the time the plaintiff rented the premises the legal maximum rent was thirty dollars.

"6. I infer from the testimony of the defendant and find as a fact that in his claimed understanding of the Expediter's statement, he ignored its wording and obvious meaning, and this explanation was a sham and device to justify the intended circumvention."

It was the duty of the trial judge sitting without a jury to hear and consider all the evidence and find what the facts are and the general and special findings of the trial judge must stand if warranted in law upon any possible view of the evidence with all rational inferences which might be deduced from it. *John Hetherington & Sons Co. Ltd.* v. *William Firth Co.*, 210 Mass. 8, 18; *Sparhawk* v. *Sparhawk*, 120 Mass. 390, 392; *Bailey* v. *Marden*, 193 Mass. 277, 279; *Vahey* v. *Bigelow*, 208 Mass. 89, 92; *Timberlake* v. *Order of the Golden Cross*, 208 Mass. 411, 419; *Evans* v. *County of Middlesex*, 209 Mass. 474, 479; *Seager* v. *Drayton*, 217 Mass. 571, 572; *Atlantic Maritime Co.* v. *Gloucester*, 228 Mass. 519, 522; *Commercial Credit Co.* v. *M. McDonough Co.*, 238 Mass. 73, 78; *Moss* v. *Old Colony Trust Co.*, 246 Mass. 139, 143; *Ashapa* v. *Reed*, 280 Mass. 514, 516; *Leshefsky* v. *American Employers' Insurance Co.*, 293 Mass. 164, 166.

There was evidence that warranted the findings of fact of the trial judge.

The defendant says he is aggrieved also because of the denial of his requests for rulings one, two and three, which are as follows:

"1. Upon all the law and the evidence the plaintiff is not entitled to recover.

"2. Where a landlord requests and receives of the Office of Rent Stabilization a prior opinion as to the amount of rental to be charged, based upon certain improvements of the premises, and complies with the terms and conditions therein, then the landlord has taken sufficient practicable precautions to prevent a wilful overcharge.

"3. If a landlord has complied with the terms and conditions of the prior opinion received from the Office of Rent Stabilization and thereafter receives the amount of rent set forth in said prior opinion, then said amount does not constitute a wilful overcharge."

[134]

In denying these requests the trial judge stated "numbers two and three are refused because predicated upon assumed facts, unsupported by credible evidence and contrary to facts found . . ." He was not required to find the facts as requested by the defendant. *Leshefsky* v. *American Employers' Insurance Co.*, 293 Mass. 164, 166, 167; *Perry* v. *Hanover*, 314 Mass. 167, 169, 170; *E. A. Strout Realty Agency Inc.* v. *John Gargan*, 1952 A. S. 365, 366.

Ruling number one is based "upon all the evidence" and grants the defendant no right of review under the provisions of Rule 27 of the District Courts, 1940 Edition.

As we have stated above the facts as found are warranted upon the evidence and there being no prejudicial error the finding likewise is warranted and is to stand.

The Report is to be dismissed.

So ordered.