BAILEY & JOYCE, INC. *vs.* LILLIAN SQUIRES KAMELAKIS.   January 28, 1959.
Exceptions overruled.   This action of contract arose out of an agreement in
writing between the plaintiff and the defendant under which the plaintiff un-
dertook to renovate a building owned by the defendant.   Count 1 of the origi-
nal declaration was for breach of contract; count 2 was on an account annexed.
The case was tried to a judge of the Superior Court who on June 10, 1955, took
the case under advisement.   At that time the defendant presented four re-
quests for rulings, hereinafter called the June requests.   On June 13, 1955, no
decision having been made, the plaintiff filed a motion to amend its declara-
tion by alleging a subsequent modification of the original contract.   On July 5,
the defendant presented three requests for rulings with respect to the motion
to amend.   On July 8, 1955, the judge allowed the motion and ordered the
case reopened for the taking of further evidence; he denied the requests relat-
ing to the motion.   The defendant excepted to the allowance of the motion
and to the denial of her requests.   On July 13, 1955, the defendant made a
motion that the judge disqualify himself.   This motion was denied subject to
the defendant's exception.   On July 18, 1955, the defendant demurred to the
amended declaration and the demurrer was overruled subject to the defend-
ant's exception.   On December 23, 1955, the case came on to be heard pursuant
to the reopening order.   At that time the parties were afforded an opportunity
to present further evidence but none was offered and the judge declared the
case closed.   On January 30, 1956, the judge found for the plaintiff in the
amount of $8,505.   No action was ever taken on the defendant's June requests.
The defendant duly saved an exception to the "findings and rulings of the
court . . . dated January 30, 1956."   We have examined the points argued
by the defendant and find them lacking in merit.   We deal with them briefly
as follows: 1. There was no error with respect to the June requests.   Inasmuch
as the case had been reopened to be heard under amended pleadings, it was
incumbent on the defendant, if she still desired to press the requests, to
make that fact known to the judge.   2. The amended declaration was good
against demurrer.   3. The action of the judge in refusing to disqualify him-
self reveals no error of law.   4. Much of the defendant's argument is to the
effect that the finding should have been in her favor.   But there is no excep-
tion that brings this question here.   The exception to the general finding
presents no question of law.   *Leshefsky* v. *American Employers' Ins. Co.* 293
Mass. 164, 166–167.   5. Other exceptions have not been argued and are treated
as waived.

*Edward M. Dangel,* (*Leo E. Sherry* with him,) for the defendant.
*William J. McCluskey,* (*Joseph J. Krohn* with him,) for the plaintiff.