WRIGHT W. WILLIAMS *vs.* WILLIAM L. MERCER, trustee.

Suffolk.   Jan. 22. — March 25, 1885.   FIELD, DEVENS, & COLBURN, JJ.,
absent.

A constable, in serving a replevin writ for a mortgagee of personal property, permitted the mortgagee's agent to remove certain articles not named in the writ, upon the agent's representation that they were included in the mortgage. The mortgagor recovered judgment against the constable for such removal. Without paying the judgment, the constable brought an action against the mortgagee founded upon an alleged implied promise of indemnity. *Held,* that the action could not be maintained.

CONTRACT upon an implied agreement to indemnify the plaintiff. Writ dated April 28, 1883. Trial in the Superior Court, without a jury, before *Knowlton*, J., who reported the case for the determination of this court, in substance as follows:

The defendant held a mortgage, given him by one Simpson, upon household furniture. He desired to obtain possession of the property, which was locked up in a store that had been occupied by Simpson, and sued out a writ of replevin, which he gave to the plaintiff, a constable, to serve. The defendant sent his agent with the plaintiff to point out the property, and to assist in removing it. The plaintiff procured a locksmith to open the door of the store where the goods were, went in, and took the articles named in the writ. The agent, who was with him, had the mortgage, and discovered that the description in it covered property which was not named in the writ. He also

found in the store, mingled with the articles to be replevied, numerous other articles which he believed to be the same covered by the mortgage, and he told the plaintiff that they were the same.   Upon the agent's statement and representation that the mortgage covered all the goods in the store, the plaintiff permitted him to remove the other property, as he claimed a right to do, in behalf of the defendant, under said mortgage. The defendant received the property so removed, and ratified the acts and conduct of his agent in relation thereto.

Subsequently the mortgagor brought an action of tort against the present plaintiff for permitting the removal of said goods, and recovered judgment for $198.41, damages, and $119.58, costs of suit.   The defendant procured and paid counsel for the defence of the suit; and afterwards, being liable for the costs, by reason of his having become a surety for the plaintiff in an appeal in the action, he paid that part of the judgment.   No part of the judgment for damages has been paid by either party.

The judge ruled that the defendant was not liable in this action for the damages for which judgment was recovered against the plaintiff, and found for the defendant.   If the ruling was wrong, the finding was to be set aside and a new trial ordered; otherwise, judgment was to be entered upon the finding.

*R. Lund*, for the plaintiff.

*A. J. McLeod*, for the defendant.

HOLMES, J.   Assuming that the principle of *Humphrys* v. *Pratt*, 2 Dow. & Cl. 288, *Adamson* v. *Jarvis*, 4 Bing. 66, *S. C.* 12 J. B. Moore, 241, and the other cases cited in *Jacobs* v. *Pollard*, 10 Cush. 287, 289, would be followed and extended in this Commonwealth so far as to imply a warranty that the defendant was owner of the goods not mentioned in the writ which he was allowed to remove, or a contract of indemnity, from his request and *bona fide* statement that he owned them, — an assumption which is not free from difficulty, and which goes beyond the decided cases (see *Tucker* v. *White*, 125 Mass. 344, and *Boston & Albany Railroad* v. *Richardson*, 135 Mass. 473), — still we are of opinion that the ruling was correct.   For, although a liability over on the part of the plaintiff alone may perhaps be taken into account by the jury in estimating the damages for breach of an express warranty, (*Randall* v. *Raper*, El., Bl.

& El. 84, and *New Haven & Northampton Co.* v. *Hayden*, 117 Mass. 433,) we cannot admit that the defendant's implied undertaking, if any, extends to paying for an unsatisfied judgment for damages against the plaintiff when the defendant remains liable to have a similar judgment recovered against him, satisfaction of which will discharge the plaintiff without his being called upon for any part of what he now seeks to recover. There can be no doubt that the defendant remains liable. *Elliott* v. *Hayden*, 104 Mass. 180.

The plaintiff's case is not bettered by the construction given the usual bond of indemnity in *Cook* v. *Merrifield*, *ante*, 139. It is a sufficient answer to the argument that an agreement should be implied as extensive as that which the plaintiff would have obtained had he demanded an indemnity, that the plaintiff's assumption to allow the removal of goods not mentioned in the writ would not have been covered by the bond if he had asked and obtained one in the usual form.

We may add, that in all the cases like *Humphrys* v. *Pratt*, *ubi supra*, which have fallen under our eye, it appeared that the plaintiff had satisfied the judgment against him, and that the argument that a principal is not liable upon a contract made by his agent in his own name after judgment against the agent because he is liable to the agent at once, before any payment by or execution against the agent, and is not to be brought under a double liability, (*Priestly* v. *Fernie*, 3 H. & C. 977, 984,) gives a strong indirect sanction to our opinion, where the case is not one of principal and agent, and the liability over to the third person whose goods were taken is indisputable. So a surety must pay the debt for which he is liable before he can recover of his principal. *Farrington* v. *Kimball*, 126 Mass. 313, 315. *Hoyt* v. *Wilkinson*, 10 Pick. 31.

*Judgment for the defendant.*