. BLAKE & *a.* v. ADAMS & *Trs.*

In foreign attachment of money, &c., for which the defendant has an unsatisfied judgment against the trustee, interested persons may be made parties for the purpose of equitably adjusting and securing their rights, and binding them by a judgment protecting the trustee against the former judgment, and charging him without subjecting him to double liability.

FOREIGN ATTACHMENT of money, goods, chattels, rights, and credits of the defendants in the possession of Twiss & Pierce. When the writ was served on the trustees, an action was pending in this court, in Cheshire county, in favor of this defendant Adams, against one Stuart. In that action Twiss & Pierce were trustees; they have been charged as trustees of Stuart for $324.22; and judgment has been rendered and execution issued for that sum in

favor of Adams against them as trustees of Stuart. The judgment and execution are wholly unsatisfied.

*J. J. Doyle*, for the plaintiffs.

*D. M. White*, for the trustees.

DOE, C. J. The trustees are judgment debtors of Adams in such a sense and for such a purpose that they have his money, rights, or credits in their possession, within the meaning of the statute of foreign attachment, if they can be charged in this action by a judgment that will not subject them to double liability, and will not infringe the rights of others. *Melven* v. *Darling*, Smith (N. H.) 74, 76, 78, 79; *Thayer* v. *Pratt*, 47 N. II. 470, 472; *Williams* v. *Mercer*, 139 Mass. 141, 143. A practical difficulty that might arise in some jurisdictions, from the trustees' liability to the enforcement of the former judgment against them, may not be serious here when all interested persons are made parties in this suit, and are bound by a single judgment rendered upon an equitable adjustment of their rights, and upon a disposition of the former judgment and execution that will not leave the trustees exposed to the danger of being twice compelled to pay a single debt. *Owen* v. *Weston*, 63 N. II. 599; *Westmoreland* v. *Miller*, 8 Tex. 168. The trustees cannot equitably be put to the trouble and expense of protecting themselves against a doubled liability put upon them for the plaintiffs' benefit. It is for the plaintiffs to employ all procedure necessary for the trustees' safety. At the trial term the plaintiffs can move for an amendment joining as parties all persons whose interests can be affected, and for notice to them, Adams, and the trustees to show cause why the trustees should not be charged; why the case, *Adams* v. *Stuart* and *Twiss & Pierce*, *Trs.*, should not be brought forward from the —— term at which the trustees were charged; why the execution in that case against the trustees should not be recalled and rescinded; why the enforcement of the judgment in that case against the trustees should not be suspended until further order; and why there should not be other proceedings, orders, and process necessary for equitably charging the trustees in this action.

*Case discharged.*

SMITH, J., did not sit: the others concurred.