F. Alaric Pelton *vs.* William H. Baker.

Suffolk.    January 12, 1893. — March 3, 1893.

Present: Field, C. J., Allen, Holmes, Knowlton, & Barker, JJ

*Agreement between Attorneys — Right to sue — Construction of Contract — Instruction — Unsatisfied Judgment.*

B., the defendant, signed a contract, in consideration of the promise of A., the plaintiff, to do nothing about a claim of A.'s client against B.'s client until the decision of a suit which B.'s client had against C. and D., and which B. was managing. The contract, which was signed by B.'s client, directed B., to whom it was addressed, when he had collected the money on the suit against C. and D. to pay a certain sum to A., and B. signed underneath the words, "When the above amount is collected, I will pay the same to A." The money was collected by B.'s client of D. alone, C. being only the surety on D.'s bond. *Held,* in a suit by A. against B. to recover the amount named in the contract, that the contract was a binding one; that the jury were warranted in finding that the suit referred to was the suit against D.; that it was immaterial that the whole sum owed to B.'s client was not collected; that the instruction to the effect that, if B.'s client forbade A. to pay the order, A. could not recover, qualified by the statement that, if B. had control over the collection, so that he could receive the money or not as he pleased, his allowing his client to receive it would not make it any the less his collection, was correct; and that the fact that A.'s client, after the breach of B.'s agreement, brought a suit and recovered judgment against B.'s client upon the original claim against him, which judgment was unsatisfied, did not preclude A. from maintaining his action.

Holmes, J.    This is an action of contract between two lawyers. The defendant signed the contract sued upon, in consideration of the plaintiff's promise to do nothing about a claim of

his clients against Griswold, the defendant's client, until the decision of a suit which Griswold stated that he had against Myers and Dimock, and which the defendant was managing. The contract was in the form of an order addressed to the defendant by Griswold, and accepted by the defendant, as follows :

" William H. Baker, Esq.   Dear Sir, — When you have collected from Messrs. Myers and Dimock the sum owed to me by them, which is now in suit, please pay to F. Alaric Pelton $133.25, and charge the same to my account.   Mr. Pelton is attorney for Arthur Young & Co., and will give you a receipted bill against me in return.   Yours truly, William Griswold."

" When the above amount is collected, I will pay the same to plaintiff's attorney, F. Alaric Pelton.   W. H. Baker."

The suit referred to was a suit against Dimock, in which Myers was surety on a bond given to dissolve an attachment. Griswold testified that the sum owed to him was not less than $551.   After the agreement the suit was settled for $400.   The money was paid directly to Griswold, and the jury would have been warranted in finding that this was done in pursuance of a scheme between the defendant and his client to evade the agreement with the plaintiff.   The agreement was not performed, and the sum due to the plaintiff's clients, Young and Company, has not been paid.   The jury found for the plaintiff, and the case is here on exceptions, substantially to the refusal of the court to take the case from the jury, on the ground that there was no binding contract with the plaintiff, or that, if there was one, the condition of the promise was not satisfied, because the whole sum owed to Griswold was not collected, and what was collected was not collected from Myers and Dimock, but from Dimock, and was not received by the defendant.

The defendant's promise ran to the plaintiff in form, but the most plausible defence would be the formal objection that, as the effectual counter promise to suspend action against Griswold must come from the plaintiff's clients, the plaintiff was a stranger to the consideration.   *Gilmore* v. *Pope*, 5 Mass. 491, 493.   But it was for the convenience of all parties that the lawyers should agree directly with each other, and the jury were warranted in finding that the plaintiff bound himself personally to some ex-

tent, and that his promise was the consideration for an under-
taking to him personally, even if his right to sue would not
follow as matter of law from a finding of his liability. *Savage*
v. *Blanchard*, 148 Mass. 348, 350. The rule has been laid down
in broader terms. *Colburn* v. *Phillips*, 13 Gray, 64. *Borrow-
scale* v. *Bosworth*, 99 Mass. 378, 383. See *Albany & Rensselaer
Co.* v. *Lundberg*, 121 U. S. 451, 453; Mechem on Agency, §§ 755,
756. The question of double liability on a written instrument
is somewhat different from that as to the right to sue. *Byington*
v. *Simpson*, 134 Mass. 169.

The jury were warranted in finding that the suit referred to
was the suit against Dimock, the only suit that Griswold had,
so far as appears, and the one understood by all parties to be
meant. The defendant's promise, properly construed, did not
require that all that Griswold claimed to be due to him should
be collected as a condition. It was enough if a sum sufficient
to pay the plaintiff was accepted as a payment of Griswold's
claim. Indeed, the literal meaning of the defendant's words,
" When the above amount is collected, I will pay the same " to
Pelton, is not sensible unless the word " amount " is taken to
refer to the $133.25, not to the whole sum owed to Griswold.
It hardly is necessary to add, that it did not matter, under the
contract, whether the money was collected from Dimock or from
Myers, or from both.

It is urged that the judge should have ruled that, if Griswold
forbade the defendant to pay the order, the plaintiff could not
recover. The judge did instruct the jury to that effect, in terms
sufficiently favorable to the defendant, but also instructed them
that, if the defendant had control over the collection, so that he
could receive the money or not as he pleased, his allowing Gris-
wold to receive it would not make it any the less his collection.
This instruction was not excepted to, and was a proper caution
to the jury that the plaintiff was not to be defeated by a mere
device.

The plaintiff's clients, Young and Company, after the breach
of the defendant's agreement, brought a suit, and recovered judg-
ment against Griswold upon their original claim against him. It
is argued that this judgment unsatisfied in some way precluded
the plaintiff from maintaining his action on the contract made

with him.   No doubt payment by Griswold would have cut the defendant's liability down at least to nominal damages, if it would not have extinguished it.   But the case is not the simple one of a party having an election to sue principal or agent. *Williams* v. *Mercer*, 139 Mass. 141, 143.   The present contract is collateral to the original liability, and the plaintiff, as well as the defendant, is different.   Both claims properly may be pursued to judgment.   *Vanuxem* v. *Burr*, 151 Mass. 386.

*Exceptions overruled.*

*E. Greenhood*, for the defendant.

*F. N. Nay*, (*F. A. Pelton* with him,) for the plaintiff.