NATIONAL BANK OF SOUTH READING *vs.* JOSEPH SAWYER & others.

Suffolk.    November 26, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

The holder of an indorsed promissory note is not obliged to prove the note against the estate of the maker in bankruptcy in order to hold the indorser.

Whether, if the indorser of a promissory note requests the holder of the note to prove it against the estate of the maker in bankruptcy, tendering the expenses of such proof with proper indemnity, or requests him to allow the filing of the note in order that the indorser may prove his own claim, a refusal of the holder to comply with such request releases the indorser, *quære.*

CONTRACT on a promissory note for $5,000, dated December 20, 1897, and payable four months after date, made by Arthur W. Sawyer to his own order and indorsed by the maker and by Joseph Sawyer and John F. Reynolds. Writ dated September 28, 1898. The defendants Joseph Sawyer and Arthur W.

Sawyer were defaulted, and the action was defended by Reynolds alone.

At the trial in the Superior Court, before *Lawton,* J., the case was submitted upon the following agreed facts :

" That the respective makers and indorsers signed their names to said note; that due protest of the said note was made; that the maker, Arthur W. Sawyer, was adjudicated a bankrupt upon the 11th day of August, 1898, and was discharged in bankruptcy on the 28th day of February, 1899; that the plaintiff did not prove the note declared upon against the estate of the maker in bankruptcy; and that unless the court shall rule that the failure of the plaintiff to prove the note declared upon against the estate of the maker in bankruptcy discharges the defendant Reynolds, as a matter of law, upon his liability as indorser upon said note, then a verdict may be directed for the plaintiff in the sum of $3,014."

The defendant Reynolds requested the judge to rule as follows : " That if the plaintiff, being the holder of the note during the bankruptcy proceedings of Arthur W. Sawyer, did not prove said note against said Sawyer, in said bankruptcy proceedings, then the defendant Reynolds was, by reason of such failure to so prove, discharged from his liability as indorser upon said note." This ruling the judge refused to give, and directed a verdict for the plaintiff against the defendant Reynolds in the sum of $3,014, in accordance with the terms of the agreed facts. The defendant Reynolds alleged exceptions.

*T. J. Barry & H. J. Jaquith,* for Reynolds.

*R. M. Morse & W. M. Richardson,* for the plaintiff.

BARKER, J.  The only question argued is as to the effect of the bankruptcy act upon Reynolds' liability as indorser, the plaintiff not having proved the note against the estate of the maker in bankruptcy, and the maker having obtained a discharge.

The act provides that " Whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part he shall be subrogated to that extent to the rights of the creditor."  U. S. St. July 1, 1898,

§ 57, cl. *i.* Also that "Whenever a claim is founded upon an instrument in writing, such instrument, unless lost or destroyed, shall be filed with the proof of claim." Ibid. cl. *b.*

The contention is that the holder of an indorsed note who does not himself prove it must tender it to the indorser, to give him the opportunity to file it as required by clause *b.* in his proof under clause *i.,* and that if the holder does not make such tender, his omission releases the indorser.

Such a result would be most surprising under a statute one of whose provisions is that " The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." U. S. St. July 1, 1898, § 16. It is also to be noted that it does not appear from the agreed facts that there were in this instance any assets of the bankrupt estate, or any dividend, or that proof by the maker would have been of any benefit to the indorser. Aside from these considerations, and also aside from the further question how much the liability of an indorser, being founded upon his own independent contract and not being a joint obligation with that of the maker, differs from that of a strict surety, we are of opinion that the holder has no such active duty either to prove the note, of his own motion, or to tender it to the indorser to enable the latter to make proof, as to make such an omission on the part of the holder a release of the indorser. Even equity will not compel a creditor to prove in bankruptcy against his principal debtor for the benefit of a surety, unless the surety himself moves in the matter and requires the creditor to act, furnishing him with suitable indemnity against the consequences of risk and delay, and against expense. *Watertown Ins. Co.* v. *Simmons,* 131 Mass. 85, and cases cited. *Wright* v. *Simpson,* 6 Ves. 714, 734. *Ex parte Rushforth,* 10 Ves. 409, 414. *Mayhew* v. *Crickett,* 2 Swanst. 185, 191. Story, Eq. Jur. § 639. See *Bellows* v. *Lovell,* 5 Pick. 307, 311. The plaintiff was entitled to the possession of the note until it should be paid. Reynolds could pay it in performance of his promise as indorser, be reinstated in his original title, and then prove his own claim in bankruptcy without help. He made no payment, nor did he request the plaintiff either to prove the note or to allow it to be filed in support of any attempted proof.

Whether, if he had requested the plaintiff to prove the note, tendering the expenses of such proof with proper indemnity, or had himself attempted to prove his own claim, requesting the plaintiff under proper indemnity to allow the filing of the note in support of such proof, he would have been released by a refusal on the part of the plaintiff, it is not necessary to consider, and upon those points we express no opinion.

The plaintiff not having been requested either to prove the note, or to allow it to be filed in support of any proof offered by Reynolds, the latter is liable upon his indorsement.

*Exceptions overruled.*