CHARLES E. COTTING & another, trustees, *vs.* OTIS ELEVATOR
COMPANY & others.

Suffolk.   January 22, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Equity Jurisdiction,* For exoneration from secondary liability.

While a suit in equity may be maintained, by one secondarily liable to a third person
for a debt, against the person primarily liable to compel him to satisfy the debt
and thus to relieve the plaintiff, such a suit cannot be maintained where the
plaintiff does not concede his liability but avers merely that the third person
asserts that he is liable.

A landowner agreed with a merchant to erect for and, when completed, to let to
him a building suitable for his use and equipped with moving stairways, and for
the purpose of carrying out that agreement made a contract with a manufacturer
for the installation of moving stairways in the building, the manufacturer agree-
ing to make necessary repairs without expense to the landowner for a period of
one year, if the repairs were made necessary by imperfections or defects in
materials or workmanship.  The manufacturer brought an action in another
State against the merchant, seeking payment for repairs alleged to have been
made upon the stairways when the merchant had occupied the building for less
than a year, and the merchant called upon the landowner for indemnification,
contending that the repairs were made necessary by faulty materials and work-
manship employed in the installation of the stairways, for which the land-
owner was responsible to him under their agreement.  While the action in the
other State was pending and the liability therein was undetermined, the land-
owner brought a suit in equity here against the manufacturer and the merchant,
alleging the foregoing facts and seeking to have the manufacturer compelled to
indemnify the plaintiff against claims by the merchant and enjoined from
prosecuting the action in the other State.  The manufacturer demurred. *Held,*
that the demurrer should be sustained, because on the allegations of the bill
the plaintiff did not concede that he was under any liability to the merchant,
but alleged merely that the merchant asserted that he was liable.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 13,
1912, by Charles E. Cotting and Francis C. Welch, trustees of
the Department Store Trust, against the Otis Elevator Company,
the Henry Siegel Company and Henry Siegel and Frank E. Vogel.

The allegations of the bill in substance were as follows:

The plaintiffs agreed with the defendants Siegel and Vogel
to erect and to lease to them "a substantial building, suitable for
use for dry goods and department store business, and equipped

with movable stairways," and, for the purpose of fulfilling such agreement, erected a building in Boston and leased it to Siegel and Vogel, who assigned their lease to the defendant Henry Siegel Company.

In erecting the building the plaintiffs made an agreement with the defendant Otis Elevator Company whereby it "agreed to furnish, and erect in a workmanlike and substantial manner movable stairways, [and to install proper cabinet work connected therewith] and further agreed to make the necessary repairs without costs, should any imperfections or defects in material or workmanship of the said movable stairways develop within one year from the date of their completion, provided such imperfections or defects were not due to ordinary wear and tear, or improper treatment."

The bill further alleged that the defendant Henry Siegel Company " claimed " that, by reason of the negligent and defective construction of the escalators and of the cabinet work which was installed in said building, it had suffered great injury to its property, and had been compelled to pay large sums to business visitors, who without its fault had suffered injury by reason of the defective construction of the escalators and cabinet work; that the plaintiffs, under their contract with it, were liable to indemnify it for the loss thus sustained, and that, if the plaintiffs should be held to "respond in damages to the Henry Siegel Company or to the said Siegel and Vogel, or either of them, said liability " would "have been caused entirely by the fault of the Otis Elevator Company and by the breach of its agreements to install said escalators and cabinet work."

The bill also alleged that the defendant Otis Elevator Company was causing to be prosecuted in the Supreme Court for the county of New York in New York an action against the defendant Henry Siegel Company for sums alleged to be due for repairs upon the escalator, and that the Henry Siegel Company contended that all such repairs and parts were rendered necessary by reason of the failure of the Otis Elevator Company properly to perform its agreement with the plaintiffs, and had informed the plaintiffs that, if it was held liable in that action it would demand indemnity from the plaintiffs. The items claimed in that action, the bill alleged, represented repairs made necessary by defects in material and workmanship of the escalators, which developed within

one year from the date of completion of the escalators, and were not due to ordinary wear and tear or to improper use of the equipment, but were due to the fact that the escalators were not erected in accordance with the terms of the agreement. A further allegation was that, if judgment was recovered against the Henry Siegel Company, it would demand indemnity from the plaintiffs, and that the plaintiffs were entitled to exoneration by the Otis Elevator Company from that claim.

The prayers of the bill were (1) "that the defendant Otis Elevator Company shall be ordered to exonerate the plaintiffs of and from all liability to the Henry Siegel Company and Siegel and Vogel, or either of them, resulting from the failure on the part of the Otis Elevator Company to perform its agreements with the plaintiffs, (2) that upon such exoneration, the Henry Siegel Company and Siegel and Vogel may be enjoined from making any further claims against the plaintiffs for damages resulting from the acts of the Otis Elevator Company in failing to perform its said agreements, (3) that the Otis Elevator Company may be enjoined from further prosecuting the action" which it had caused to be commenced against the Henry Siegel Company in the New York court.

The defendant Otis Elevator Company demurred. The demurrer was sustained by *Morton*, J., who at the request of the plaintiffs reported the case for determination by the full court.

The case was submitted on briefs.

*J. B. Studley*, for the plaintiffs.

*F. H. Nash*, for the defendant Otis Elevator Company.

SHELDON, J. There is no doubt that a plaintiff who is either a surety or has in equity the rights of a surety for an actual debt, or who is under a merely secondary liability for the discharge of an existing obligation, may in equity compel his principal, or the person who by contract with himself or with his privity has incurred the primary liability, to pay the debt or perform the obligation and thus free the plaintiff from a charge or burden which, to his relief, ought to be borne by the principal or the primary debtor. If it were necessary to cite authorities for this undisputed proposition, those referred to by the plaintiffs in their brief would abundantly establish it. But the plaintiff who seeks such relief must be under an existing and admitted liability to the burden

or charge from which he seeks to be relieved, or at least the facts must be such as necessarily to create such a liability. *Antrobus* v. *Davidson,* 3 Mer. 569, 580. *Hughes-Hallett* v. *Indian Mammoth Gold Mines,* 22 Ch. D. 561. *Ascherson* v. *Tredegar Dry Dock & Wharf Co.* [1909] 2 Ch. 401, 409. In the case of *In re Richardson,* [1911] 2 K. B. 705, as in most of the other cases relied on by the plaintiffs, there was such an admitted liability.

In the case at bar the plaintiffs do not concede that they are under the liability from which they seek to be exonerated. Their allegations go no further than to say that if Siegel or Vogel or the Siegel Company shall hereafter sue them and shall succeed in showing that they are liable for a breach of their agreement to construct a substantial building suitable for the stipulated purposes, then that liability of these plaintiffs will not be due to any independent act or omission of their own, but solely to the breach by the Otis Company of the terms of its contracts with the plaintiffs. Indeed, there is no direct averment that the Otis Company has committed such a breach; the allegation is merely that the Siegel Company so claims. The bill cannot be maintained upon such averments.

We need not consider whether this difficulty goes absolutely to the merits of the plaintiffs' right to relief, or whether the bill could have been maintained if Pepper, acting really as the agent and for the benefit of the Otis Company, had recovered a judgment in New York against the Siegel Company upon claims which arose merely by reason of the Otis Company's breach of its agreements with the plaintiffs, and if the plaintiffs admitted their liability to the Siegel Company for the amount of such judgment. This demurrer must be sustained in any event; and under the agreement of the parties stated in the report the bill must be dismissed with costs.

*So ordered.*