EMILY TOD *vs.* WILLIAM G. MITCHELL & others, executors.

Middlesex.  October 16, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Marshalling Assets.  Equity Jurisdiction,* To marshal assets.  *Widow.*

In the absence of some special ground for relief a court of equity will not entertain a bill to marshal the assets of an estate between assets within the jurisdiction of the court and assets in a foreign country.

A suit in equity cannot be maintained by a widow to marshal the assets of her husband's estate by ordering the executor of his will to pay the debts and charges of administration out of the proceeds from the sale of real estate owned by him in a foreign country and not out of the assets of his estate in this Commonwealth.

In a suit in equity to marshal the assets of an estate, a creditor who can hold for the satisfaction of his claim two separate funds belonging to the estate cannot be compelled to address himself first to the one which the plaintiff cannot claim when to do so would result in unreasonable delay and inconvenience or would involve litigation in the collection of his debt.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 26, 1916, and amended on February 16, 1917, by Emily Tod of Liverpool in England, the widow of James Tod, late of Malden, who died on January 26, 1915, against the executors of the will of

James Tod, praying that the defendants be restrained from collecting a note made by the testator for $5,000 payable to the defendant William G. Mitchell out of the assets of the estate of the testator in Massachusetts and that they be ordered to collect the expenses of administration and the debts of the estate of James Tod out of the assets of his estate in England.

The allegations of the bill as amended are stated in the opinion. The defendants demurred to the bill and alleged the following causes of demurrer:

"1. That the plaintiff has not stated in her bill such a cause as entitled her to any relief in equity against these defendants.

"2. Because it appears by said bill the assets belonging to the estate of the late James Tod which are in England are not within the jurisdiction of this court."

The case came on to be heard on the bill as amended and the demurrer before *Pierce,* J., who by agreement of all the parties reserved it for determination by the full court.

*J. B. Studley,* for the plaintiff.

*A. P. Worthen,* for the defendants.

PIERCE, J. This is a bill to marshal the assets of a Massachusetts testator for the benefit of his widow. It comes before this court upon a reservation of the bill as amended and a demurrer thereto.

The amended bill alleges in substance that the plaintiff, now living in England, is the lawful widow of James Tod, who died on January 26, 1915, a resident of and domiciled at Malden, Massachusetts, without issue and testate; that the testator in round numbers left an estate of $23,000, made up of real estate in England worth $15,000, real estate in Massachusetts worth $4,000, and personal property in Massachusetts worth $4,000; that the estate owed no debts except a note of $5,000 to the defendant William G. Mitchell and funeral expenses of $300 which the executors have paid out of the personal property in Massachusetts; that under the law of the United Kingdom of Great Britain and Ireland the real estate in England is liable for all debts of the testator wherever incurred, for the funeral expenses and for the expenses of administration in England and Massachusetts; that on April 20, 1915, the will of James Tod was allowed by the Probate Court for the County of Middlesex, and ancillary administration of the estate was granted in England on January 1, 1916; that the defendants,

William G. Mitchell, Richard Mitchell and John W. Kelly were
duly appointed and qualified as executors of the will, and in ac-
cordance with the provisions of the statutes of the Commonwealth
the said John W. Kelly, domiciled in England, appointed said Rich-
ard Mitchell his agent for service of process upon him; that the
widow in writing waived the provisions made for her in the said
will, claimed such portion of the estate of her husband as she would
have taken if he had died intestate, and caused her written waiver
to be duly filed in the registry of probate for the said county of
Middlesex on May 20, 1915; that her waiver is not effective as to
the said real estate in England but the same is to be disposed of as
is provided in said will; that the executors are requested, authorized
and empowered by the testator to sell the real estate in England as
soon as may be after his decease, by public auction or by private
sale, using their own discretion as to time and terms; that the
executors propose to pay the said debt due to the said William G.
Mitchell out of the personal property in Massachusetts to the
extent of this personal property, and the balance out of the real
estate, and propose to pay all the expenses of administration out of
Massachusetts assets. The bill further alleges that if the executors
pay the debt and expenses of administration out of the Massachu-
setts assets, the plaintiff will be deprived of her lawful share of the
assets in Massachusetts.

The plaintiff prays that the defendant William G. Mitchell be
restrained from collecting any part of his claim against the estate
out of the assets of the estate in Massachusetts, that he be required
to collect his claim out of the assets in England; that the defend-
ants as executors be restrained and enjoined from paying any part
of the debt or expenses of administration of the said estate out of
the assets in Massachusetts and be required to collect the same out
of the assets of the estate in England.

The doctrine of marshalling assets in behalf of legatees, dis-
tributees and creditors, rests upon the equitable rule that where
a claimant has a right in the nature of a lien to two funds to which
he may resort and another claimant has an interest in only one of
them, the last claimant may compel the former to exhaust the fund
to which the second cannot resort before coming upon the one
available to both. *Cheesebrough* v. *Millard*, 1 Johns. Ch. 409.
*Carter* v. *Tanners Leather Co.* 196 Mass. 163, 166. *Lewis* v. *United*

*States,* 92 U. S. 618, 623. In the absence of some special equity a court of equity will not entertain the question of the marshalling of assets unless both funds are in the jurisdiction and control of the court. *Lewis* v. *United States, supra.*

*Rice* v. *Harbeson,* 63 N. Y. 493, *Willey* v. *St. Charles Hotel Co.* 52 La. Ann. 1581, *Anonymous,* 9 Mod. 66, *Bowaman* v. *Reeve,* Prec. Ch. 577, *Peters* v. *Erving,* 3 Bro. C. C. 54, and *Wright* v. *Nutt,* 3 Bro. C. C. 326, all cited by the plaintiff, are cases where foreign creditors with a fund available at their own domicil unsuccessfully sought to share a local fund with creditors resident at the domicil of the debtor, and, indirectly, are authority for the rule established in this Commonwealth that a Massachusetts creditor may collect his debt out of the assets within the Commonwealth regardless of the question whether the administration of the estate be a principal or ancillary administration. *Newell* v. *Peaslee,* 151 Mass. 601. *Cowden* v. *Jacobson,* 165 Mass. 240. *Rackemann* v. *Taylor,* 204 Mass. 394, 397. *Putnam* v. *Middleborough,* 209 Mass. 456, 457.

The real estate in England is not in the possession or control of the executors of the will in this Commonwealth; the executors are not accountable for it here, and they are bound to administer it under the direction of the court which appointed them. *Putnam* v. *Middleborough, supra.*

There are no facts in the bill alleged, or from which it can be inferred, that the courts of England in the ancillary administration of the estate would not direct the Massachusetts creditor to resort to the Massachusetts fund or that it would not order the real estate to be sold and distributed under its direction to the legatees named in the will in conformity to the expressed desire of the testator. *Freke* v. *Lord Carbery,* L. R. 16 Eq. 461. *Pepin* v. *Bruyere,* [1900] 2 Ch. 504. *Duncan* v. *Lawson,* 41 Ch. D. 394. *Murray* v. *Champernowne,* [1901] 2 Ir. R. 232.

Moreover, a creditor who can hold two funds is not required to address himself first to that one which he alone can claim, when to do so would result in unreasonable delay and inconvenience or would involve litigation in the collection of his debt. *Farwell* v. *Bigelow,* 112 Mich. 285, 289, and cases collected in *Carter* v. *Tanners Leather Co.* 196 Mass. 163 at page 168. In any event the creditor in the case at bar might well be put to litigation as between

himself and the legatees, and materially delayed in obtaining his payment.

It follows that the bill does not state a case for relief and the entry must be, bill dismissed with costs.

*So ordered.*