MAURICE VICTOR *vs.* DAVID LEVINE & another.

Suffolk. May 20, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Bond*, Of indemnity.

A demurrer to a bill in equity to enforce liability on a bond wherein the defendant agreed "to indemnify and hold harmless" the plaintiff "from any loss which he may suffer by reason" of the fact that he became "surety upon a bail or attachment bond for" a third person, properly was sustained where the bill, while it contained allegations that the third person had defaulted and that there had accrued in favor of the Commonwealth a claim against the plaintiff in the penal sum of the bond, that a demand was about to be made upon the

plaintiff for said sum, and that the plaintiff had requested the defendant to pay him said sum and to procure his discharge from said obligation and the defendant had refused to do so, contained no allegation to the effect that any loss had been suffered by the plaintiff or to show that any obligation to indemnify him had arisen on the part of the maker of the bond.

BILL IN EQUITY, filed in the Superior Court on December 19, 1928, and described in the opinion.

The defendants demurred. The demurrer was heard by *Whiting*, J., and was sustained and the bill was dismissed. The plaintiff appealed.

*W. T. McCarthy & H. Kalus*, for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

RUGG, C.J. This is a suit in equity to enforce a bond executed by the defendant David Levine. Its material words are: "In consideration of Maurice Victor going to surety upon a bail or attachment bond for Sally Harris of 35 Audubon Road, Mass. in the Roxbury Court, on December 5, 1928, I hereby agree to indemnify and hold harmless. the said Maurice Victor from any loss which he may suffer by reason thereof." The allegations of the bill are that the plaintiff, in reliance upon the covenant of the defendant, became surety for Sally Harris upon a bail bond in the penal sum of $500; that she did not appear and was defaulted, and that there has accrued in favor of the Commonwealth a claim against the plaintiff in the penal sum of the bond; that "a demand is about to be made upon your plaintiff for said sum and your plaintiff has requested the defendant David Levine to pay to him the sum of Five hundred (500) Dollars or to procure your plaintiff's discharge of said obligation, which the defendant David Levine has failed and refused and still fails and refuses to do." There are further allegations as to fraudulent conveyance of certain property of the defendant David Levine to his mother, Annie Levine, for the purpose of hindering, delaying and defrauding the plaintiff. The suit is brought under the provisions of St. 1924, c. 147, §§ 9, 10.

There is no allegation in the bill that demand has been

made upon the plaintiff for the penal sum of the bail bond or any part of the same. The condition of the defendant's agreement is "to indemnify and hold harmless" the plaintiff from any loss which he may suffer. There are no allegations in the bill to the effect that any loss has been suffered by the plaintiff or to show that any obligation to indemnify him has arisen on the part of the maker of the bond. Therefore the plaintiff fails to state any case entitling him to relief. *Valentine* v. *Wheeler*, 122 Mass. 566. *Weller* v. *Eames*, 15 Minn. 461. The facts distinguish the case from *Cotting* v. *Otis Elevator Co.* 214 Mass. 294, on which the plaintiff relies.

*Decree affirmed with costs.*