THE BROADWAY NATIONAL BANK OF CHELSEA *vs.* GEORGE B. HAYWARD & another.

Suffolk. December 11, 1933. — February 24, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Jurisdiction*, Marshalling, Adequate remedy at law, Specific performance. *Subrogation. Surety. Mortgage*, Of real estate.

Marshalling defined and discussed by LUMMUS, J.
Marshalling is not an absolute right.
From the averments in a bill in equity it appeared that the plaintiff was the mortgagee under a second mortgage given by an individual defendant on real estate owned by him; that a corporate defendant was the holder of the first mortgage, which had been given by a predecessor in title of the individual defendant and which contained a provision for acceleration at the option of the mortgagee in case of default; that the individual defendant personally had guaranteed to the first mortgagee the performance of the covenants and conditions of the first mortgage; and also had agreed with the plaintiff to perform such covenants and conditions, but had failed to perform them by failing to pay taxes and interest and by suffering strip and waste of the mortgaged premises; and that the first mortgagee had advertised a foreclosure sale under its mortgage. There was no averment that the individual defendant was financially responsible. The prayers were that the individual defendant be ordered to cure the breaches of the conditions of the first mortgage and to perform its covenants, and that the corporate defendant be restrained from foreclosing its first mortgage until it had exhausted its remedies against the individual defendant on his guaranty. Demurrers by the defendants were sustained. The plaintiff appealed. *Held*, that
(1) Even if it be assumed, without so deciding, that the relation of the parties was such that the securities could be marshalled as sought by the plaintiff, justice to the plaintiff, as between him and the corporate defendant, did not require that that defendant should postpone foreclosure for an indefinite period and pursue a remedy against the individual defendant which, so far as averments in the bill showed, was of uncertain practical outcome;
(2) The demurrer of the corporate defendant properly was sustained;

(3) The demurrer to so much of the bill as sought to compel the individual defendant to perform agreement with the plaintiff by curing the breaches of the first mortgage and performing its conditions, properly was sustained, as the plaintiff had an adequate remedy at law by way of an action against that defendant for breach of such agreement.

BILL IN EQUITY, filed in the Superior Court on August 19, 1933, against George B. Hayward and Boston Penny Savings Bank, entitled "Bill for Specific Performance, for Exoneration of Security and for Marshaling Assets," and described in the opinion.

The defendants severally demurred. The demurrers were heard by *Sisk*, J., and were sustained; and a final decree dismissing the bill was entered. The plaintiff appealed.

*C. A. Warren*, (*N. R. Voorhis* with him,) for the plaintiff.

*J. H. Powers*, for George B. Hayward and another.

*W. E. Crowley*, for Boston Penny Savings Bank.

LUMMUS, J. This case comes up on appeal from a final decree after the sustaining of demurrers to a bill which alleged the following facts. One Stober, owning real estate in Boston, had mortgaged it for $85,000 to one Clisby, and the mortgage and mortgage note had been assigned to the defendant Boston Penny Savings Bank as collateral security for a loan of $60,000 to Clisby. Clisby also had made a second assignment of the mortgage and mortgage note, subject to the preceding assignment, to the plaintiff Broadway National Bank of Chelsea as collateral security for a loan of $25,000 to Clisby. The equity of redemption in the real estate had passed from Stober to the defendant Hayward as trustee of the Glenwood trust.

With matters in that situation, Hayward proposed to the plaintiff on September 3, 1931, that it release its interest in the first mortgage and mortgage note, and accept instead a second mortgage for $25,000, payable in five years, securing a note to be signed by Hayward as trustee of the Glenwood trust; that Hayward pay to the Boston Penny Savings Bank $10,000 and obtain from that bank a reduction of the first mortgage to $50,000 and an extension of it for three years; and that Hayward personally

guarantee to the Boston Penny Savings Bank the performance of the covenants and conditions of the first mortgage as reduced and extended. All this was carried out by a series of written documents. But, the bill alleges, Hayward further agreed with the plaintiff that he "would faithfully keep and perform the obligations, the performance of which he promised to thereby guarantee," and did in fact guarantee, to the first mortgagee, the Boston Penny Savings Bank. And this last agreement with the plaintiff, the bill alleges, has been broken. Hayward, it is alleged, has failed to perform the covenants and conditions of the first mortgage as reduced and extended, by failing to pay taxes and interest and by suffering strip and waste of the mortgaged premises. For that reason, the Boston Penny Savings Bank has advertised a foreclosure sale under its first mortgage.

The plaintiff asserts that the Boston Penny Savings Bank has two securities or funds to which it may resort, (1) the land itself, and (2) the personal covenant of the defendant Hayward, whereas the plaintiff can resort to only one of them, the land. The plaintiff claims the right to have these securities or funds marshalled so that the Boston Penny Savings Bank will have to exhaust the one which it has alone before resorting to the one which it holds in priority to, though in a sense in common with, the plaintiff. It prays that the defendant Hayward be ordered to cure the breaches of the condition of the first mortgage and to perform its covenants, and that the defendant Boston Penny Savings Bank be restrained from foreclosing the first mortgage until it has exhausted its remedies against Hayward on his covenant.

Hayward, on the other hand, contends that as guarantor of the first mortgage his equity is superior to that of the second mortgagee. He contends that he is the one entitled to be subrogated to the first mortgage upon payment of it, and that if any marshalling is to be done the real estate should be applied to the first mortgage debt before calling on him to pay. Whether his contention is correct, depends upon the construction of the contract with the plain-

tiff, alleged in the bill. The bill is silent as to whether the contract between the plaintiff and Hayward was oral or written, and consequently it cannot be assumed on demurrer to have been oral (*Quinn* v. *Quinn*, 260 Mass. 494), even if within the statute of frauds at all. Williston, Contracts, § 460. *Hubon* v. *Park*, 116 Mass. 541. If the defendant Hayward, having become a guarantor of the first mortgage to the Boston Penny Savings Bank, merely promised the plaintiff that he would abide by his guaranty, that did not amount to a personal assumption of the first mortgage debt or affect his right to have the land stand as the primary fund for the payment of that debt. The contention of the plaintiff is, that Hayward agreed in substance to assume and pay off the first mortgage debt for the benefit of the second mortgagee, and that consequently its equities are superior to those of Hayward. A minor contention of the plaintiff, leading to the same result, is based upon an alleged liability of Hayward upon the covenants of the second mortgage deed. Without deciding, we assume for the sake of the argument that the plaintiff shows the superior equity.

"The equitable doctrine of marshalling rests upon the principle that a creditor having two funds to satisfy his debt, may not by his application of them to his demand, defeat another creditor, who may resort to only one of the funds." *Sowell* v. *Federal Reserve Bank of Dallas, Texas,* 268 U. S. 449, 456, 457. *Beckman* v. *Alberts*, 346 Ill. 74. In such a case, the junior creditor having the single fund may pay off the senior creditor having both the funds, and be subrogated to his security. *Washburn* v. *Hammond*, 151 Mass. 132, 139. *Schaefer* v. *Metzger*, 105 N. J. Eq. 307. Subrogation and marshalling are often different manifestations of the same equity, but where subrogation remedies injustice (*Westinghouse Electric & Manuf. Co.* v. *Fidelity & Deposit Co. of Maryland*, 251 Mass. 418), marshalling prevents it. Marshalling gives the junior creditor the additional right of compelling the senior creditor to resort in the first place to the fund which he alone holds. The present case is hardly a typical case of the doctrine of two

funds, for "as a general rule at any rate, it is not to be applied where the two funds to which the creditors or sets of creditors may resort are not derived from a common source, or are not in the hands of a common debtor." Sheldon, J., in *Carter* v. *Tanners Leather Co.* 196 Mass. 163, 166. See also *Adams* v. *Young,* 200 Mass. 588, 593; *Baker* v. *Davie,* 211 Mass. 429, 441. Perhaps the case for marshalling might be put on the ground, that by the covenant of Hayward with the Boston Penny Savings Bank and his agreement with the plaintiff, the personal liability of Hayward became the primary fund for the satisfaction of the first mortgage, and the land became a sort of surety, and that as an incident of the right of exoneration the plaintiff might restrain the Boston Penny Savings Bank from foreclosing the first mortgage until Hayward could be compelled to pay the debt. *Bearse* v. *Lebowich,* 212 Mass. 344; 234 Mass. 492. *Cotting* v. *Otis Elevator Co.* 214 Mass. 294. *National Bank of South Reading* v. *Sawyer,* 177 Mass. 490. *Ascherson* v. *Tredegar Dry Dock & Wharf Co. Ltd.* [1909] 2 Ch. 401. *Pavarini & Wyne, Inc.* v. *Title Guaranty & Surety Co.* 36 App. D. C. 348; *S. C.* Ann. Cas. (1912 C) 367, and note. *Searcy* v. *Shows,* 204 Ala. 218. *Greenberg* v. *Leff,* 104 N. J. Eq. 502, and cases cited. *Matthews* v. *Matthews,* 128 Maine, 495. 37 Am. L. R. 1262. Compare *In re Babcock,* 3 Story C. C. 393; *Webber* v. *Webber,* 109 Mich. 147.

If we assume, without so deciding, that the relations of the parties in this case are such that the securities could be marshalled as the plaintiff desires, it does not follow that a decree for the plaintiff is required. Marshalling is not an absolute right. The defendant Boston Penny Savings Bank has both the underlying first mortgage on the land and the personal covenant of Hayward, and has the right to enforce either or both until it shall have received full satisfaction. At law it is no defence to a surety that the creditor has collateral security belonging to the principal which has not been applied to the debt. *Mercantile Guaranty Co.* v. *Hilton,* 191 Mass. 141. *Miller* v. *Levitt,* 226 Mass. 330. Sheldon, Subrogation, (2d ed.) § 115.

Williston, Contracts, § 1276. Only in case justice to a junior encumbrancer or a surety requires, and the interests of the senior creditor permit, can the senior creditor be compelled in equity to postpone one of his remedies until he has exhausted the other. If the fund which the senior creditor alone holds is easily available, and adequate to produce full payment, there is no hardship in requiring him to resort to it in the first place. On the other hand, "The creditor who can hold two funds . . . is not required to address himself first to that one which he alone can claim, when he can obtain the benefit of that fund only by litigation, especially if final satisfaction is somewhat uncertain. . . . Nor will he ordinarily be restricted, even in the first instance, to one fund unless that fund appears to be sufficient to satisfy his demand, without materially delaying him in obtaining his payment." Sheldon, J., in *Carter* v. *Tanners Leather Co.* 196 Mass. 163, 168. *Tod* v. *Mitchell,* 228 Mass. 541, 544. This bill omits the essential allegation that the defendant Hayward is financially responsible. *Wolf* v. *Smith,* 36 Iowa, 454.

Though marshalling is denied, the plaintiff will not be without remedy, if it is correct in its contention that its equities are superior to those of Hayward. The extension of the first mortgage, unlike the statutory condition of the mortgage as originally written (G. L. [Ter. Ed.] c. 183, § 20), contains a provision for acceleration at the option of the mortgagee in case of default. But if that option is not exercised the plaintiff may stay the foreclosure of that mortgage by repairing the existing breaches of the condition. *Hawkinson* v. *Banaghan,* 203 Mass. 591. *Charlestown Five Cents Savings Bank* v. *Zeff,* 275 Mass. 408. Upon foreclosure of its second mortgage, the plaintiff would be entitled to retain out of the proceeds of the foreclosure sale the amount paid by reason of default in the performance of the condition of the first mortgage. G. L. (Ter. Ed.) c. 183, § 27. As to taxes paid, a special remedy is provided. G. L. (Ter. Ed.) c. 60, § 59. St. 1932, c. 2. *Dillon* v. *Lange,* 280 Mass. 427. If the first mortgagee should insist on full payment under the acceleration pro-

vision of the extension, and the plaintiff should pay off the first mortgage in full, it would not be entitled to a formal assignment (*Lamb* v. *Montague,* 112 Mass. 352; *Linsky* v. *Exchange Trust Co.* 260 Mass. 15, 17; Sheldon, Subrogation, [2d ed.] § 45), but if it has an equitable right that would justify marshalling the securities, *a fortiori* it would be subrogated to the rights of the first mortgagee under the covenant by Hayward.

But these remedies do not satisfy the plaintiff. Its bill appears to be an ingenious attempt to prevent the foreclosure of the first mortgage at a time when, as the bill itself declares, "said mortgaged estate is likely to be sold for not more than enough to satisfy the lien of said defendant the Boston Penny Savings Bank," and to postpone foreclosure indefinitely while the first mortgagee pursues what, for all that is alleged in the bill, may be a will o' the wisp. Without taking any risk or investing an additional dollar, the plaintiff seeks to preserve for an indefinite time the chance that an improvement in the real estate market may make its second mortgage of value. For that purpose a bill for marshalling does not lie. The demurrer of the Boston Penny Savings Bank was rightly sustained.

What has been said may dispose of the bill in its practical aspect, but the question remains whether it may be maintained as a bill by a *quasi* surety to compel the defendant Hayward personally to exonerate the land from the burden of the first mortgage. *Cotting* v. *Otis Elevator Co.* 214 Mass. 294. *Fitcher* v. *Griffiths,* 216 Mass. 174. *Browne* v. *Bixby,* 190 Mass. 69. *Bellows* v. *Lovell,* 5 Pick. 307, 310, 311. *Cruse* v. *Paine,* L. R. 4 Ch. 441. *Ascherson* v. *Tredegar Dry Dock & Wharf Co. Ltd.* [1909] 2 Ch. 401. *In re Mitchell,* [1913] 1 Ch. 201. See also *Evans, Coleman & Evans, Ltd.* v. *Pistorino,* 245 Mass. 94. But in the cases in which exoneration has been enforced, there was no present remedy at law. At law, in the absence of special contract, a surety cannot bring an action against the principal for indemnity or reimbursement until he has satisfied the obligation. *Williams* v. *Mercer,* 139 Mass. 141, 143. *Locke* v. *Homer,* 131 Mass. 93, 95. Williston, Contracts, § 1274. In the

present case, on the contrary, the contention of the plaintiff is that by his agreement the defendant Hayward is bound to relieve the land by performing the covenants and conditions of the first mortgage as extended. If so, that agreement having been broken, the plaintiff may bring an action at law at once against Hayward, and recover whatever sum may be needed to enable the plaintiff to relieve the land from such covenants and conditions. *Furnas* v. *Durgin,* 119 Mass. 500. *Locke* v. *Homer,* 131 Mass. 93. *Farnsworth* v. *Boardman,* 131 Mass. 115. *Reed* v. *Paul,* 131 Mass. 129. *Williams* v. *Fowle,* 132 Mass. 385, 388. *Paro* v. *St. Martin,* 180 Mass. 29. *Alexander* v. *McPeck,* 189 Mass. 34, 37, 38. *Goewey* v. *Sanborn,* 277 Mass. 168. Equity could give the plaintiff no more. Since an adequate remedy at law exists, even upon the plaintiff's theory of the case, the demurrer of the defendant Hayward also was properly sustained.

*Interlocutory decrees affirmed.*
*Final decree affirmed, with costs.*