Anthony Pappone & another *vs.* Leonard O. Masters.

Middlesex.    January 3, 1950. — March 7, 1950.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Counihan, JJ.

*Equity Jurisdiction,* Other remedy, Exoneration.  *Contract,* Assumption
of mortgage.  *Surety.  Exoneration.  Equity Pleading and Practice,*
Amendment into action at law, Decree.

The maker of a mortgage note, because he had an adequate and complete
remedy at law against one who had agreed with him to assume the
mortgage, could not maintain a suit in equity to enforce an alleged
right to exoneration from a deficiency remaining due the mortgagee
after foreclosure of the mortgage.
In affirming the sustaining of a demurrer to a bill in equity in which the
plaintiff sought a remedy which appeared plausible but which was not
open to him because he had a complete and adequate remedy at law,
this court ordered that, unless the suit were amended into an action
at law within thirty days after rescript, a final decree dismissing the
bill should be modified by including a clause that it was without
prejudice to the bringing of an action at law, and that, as so modified,
it be affirmed.

Bill in equity, filed in the Superior Court on November 10, 1948.

On demurrer, the suit was heard by *Morton,* J.

*R. E. McCarthy,* (*J. C. Lacy* with him,) for the plaintiffs.

No argument nor brief for the defendant.

Qua, C.J.   The bill alleges that the plaintiffs and the defendant entered into an agreement in writing by which the plaintiffs were to sell and the defendant was to purchase an ice cream business in Somerville; that the defendant was to assume a $4,000 personal property mortgage which the plaintiffs had previously given to The First National Bank of Boston; that the plaintiffs performed the agreement by transferring the property, but the defendant did not perform his part; and that the bank foreclosed the mortgage, leaving the plaintiffs liable to the bank for a deficit of $1,081.20, which the defendant refuses to pay.   The bill

includes other money claims against the defendant for which an action at law might lie, but which furnish no ground for a suit in equity.

A demurrer setting up, among other grounds, that the plaintiffs have an adequate remedy at law was sustained and the bill was dismissed. The plaintiffs appeal.

It is the contention of the plaintiffs that upon the assumption of the mortgage by the defendant the defendant became the primary debtor to the bank, and the plaintiffs became sureties only, and that therefore the plaintiffs have a right in equity to be exonerated and to compel the defendant to pay to the bank the deficit on the mortgage.

The suretyship relation may be conceded. *Rice* v. *Sanders,* 152 Mass. 108, 110. *Lynn Five Cents Savings Bank* v. *Portnoy,* 306 Mass. 436, 438. *Provident Institution for Savings* v. *Merrill,* 311 Mass. 168, 170. It may be conceded also that, in general, out of a suretyship relation the surety acquires the right to be exonerated by the principal debtor. *Cotting* v. *Otis Elevator Co.* 214 Mass. 294, 296. *Rhoades* v. *Secunda,* 296 Mass. 1. *Schneider* v. *Armour & Co.* 323 Mass. 28, 30. Restatement: Security, § 112. But under our practice it does not necessarily follow that these plaintiffs can maintain a bill in equity for exoneration. Even though the plaintiffs have not themselves paid the deficiency to the bank, if the allegations of their bill are true, they have a direct contractual relation with the defendant under which they can now recover from the defendant in an ordinary action of contract the entire amount of the mortgage deficiency. *Locke* v. *Homer,* 131 Mass. 93. *Walton* v. *Ruggles,* 180 Mass. 24. *Nutter* v. *Mroczka,* 303 Mass. 343. Williston on Contracts (Rev. ed.) § 392, at pages 1131–1133, § 1408. Where this situation exists, the action at law is regarded as a completely adequate remedy and in fact as the full equivalent of a suit in equity, and consequently the suit in equity will not lie. *Broadway National Bank* v. *Hayward,* 285 Mass. 459, 465–466. *Killoren* v. *Hernan,* 303 Mass. 93, 99. The objection that there was an adequate remedy at law was promptly and plainly taken by demurrer.

Compare *Schneider* v. *Armour & Co.* 323 Mass. 28, 30;
*McRae* v. *Pope,* 311 Mass. 500, 506. See *Parkway, Inc.* v.
*United States Fire Ins. Co.* 314 Mass. 647, 651.

We think, however, that although the plaintiffs have in-
sisted upon a remedy which appears plausible but which in
the particular case is not open to them under our practice,
they should still have an opportunity to seek amendment
into an action at law, and that in any event, for the sake of
clarity, the decree should be without prejudice to the bring-
ing of such an action. The rescript will therefore provide
that the interlocutory decree sustaining the demurrer be
affirmed, and that unless within thirty days after rescript
this suit is amended into an action at law, the final decree
shall be modified by including a clause that it is without
prejudice to the bringing of such an action, and as so modi-
fied be affirmed. If the amendment is made, the case will
proceed as an action at law.

*So ordered.*