GORDON W. BENWAY *vs.* PORTER CHEVROLET, INC.

Middlesex.    February 10, 1961. — May 2, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Exoneration.    Equity Jurisdiction,* Exoneration.

A defendant in an action of tort for personal injuries arising from opera-
tion of his automobile by another could not maintain a suit in equity
against a codefendant in the tort action, the employer of the operator
of the automobile, for exoneration against the injured person's claim
where it appeared in the suit in equity that liability of the plaintiff
therein to the injured person was not admitted and had not yet been
established in the tort action.

BILL IN EQUITY filed in the Superior Court on December
21, 1959.

The suit was heard by *Murray, J.*

The case was submitted on briefs.

*David H. Fulton & Robert Fulton,* for the plaintiff.

*David W. Kelley,* for the defendant.

KIRK, J.    The plaintiff, Benway, by this bill in equity
seeks to have the defendant corporation, hereinafter called
Porter, exonerate him from any liability, expense or loss
which may arise from a separate action of tort in which
Benway, Porter, and one Campbell are parties defendant.
The case comes to us on an appeal from a decree dismissing
the bill.

The judge filed a report of material facts, which we sum-
marize.    Benway was employed by Porter as manager of
its used car department.    As manager, all used car repair
work was under his supervision.    On June 12, 1959, Ben-
way issued a repair order that certain repairs be made by
employees of Porter to a car owned by Benway and reg-
istered in his name.    Porter has never charged Benway
for making the repairs; Benway does not expect to be
charged; he had not been charged on prior occasions for
minor repairs.    Campbell, a mechanic in the employ of

Porter, while road testing Benway's car after the repairs had been made, struck and injured one Leavitt, a minor, on a public way in Cambridge. An action of tort for negligence brought by Leavitt is now pending against Benway, Porter and Campbell.

Benway asks for exoneration by Porter against the claim of Leavitt and for an order that Porter post sufficient security to save him harmless from all financial loss which may befall him because of the tort litigation. Benway does not concede that he is liable to Leavitt. Benway contends that if Leavitt imposes liability upon him it will be not due to any negligence of Benway but due solely to the negligence of Porter, or of Campbell acting within the scope of his employment by Porter, while operating a motor vehicle registered in Benway's name while under Porter's exclusive control, and that the effect of G. L. c. 231, § 85A, will be to impose liability upon him in the tort case.

For practical purposes, Benway wants a present determination that, as between him and Porter, the primary liability to Leavitt rests on Porter. This cannot be done. The plaintiff misapprehends equitable exoneration. It is basic to the principle of equitable exoneration that there be an actual debt, an existing obligation, or a determined or admitted liability. See *Nissenberg* v. *Felleman,* 339 Mass. 717, 723 and 725. In *Cotting* v. *Otis Elev. Co.* 214 Mass. 294, 296–297, cited with approval in *Killoren* v. *Hernan,* 303 Mass. 93, 98, in *Schneider* v. *Armour & Co.* 323 Mass. 28, 30, and in *Pappone* v. *Masters,* 325 Mass. 437, 438, it was said, "There is no doubt that a plaintiff who . . . has in equity the rights of a surety for an actual debt, or who is under a merely secondary liability for the discharge of an existing obligation, may in equity compel his principal . . . to pay the debt or perform the obligation and thus free the plaintiff from a charge or burden which, to his relief, ought to be borne by the principal . . . . *But the plaintiff who seeks such relief must be under an existing and admitted liability to the burden or charge from which he seeks to be relieved, or at least the facts must be such as*

*necessarily to create such a liability''* (emphasis added).

In the case at bar, Leavitt has not established liability on the part of anyone, and no one has admitted liability to him. There is no certainty that liability will be established hereafter. Thus the elementary requirement for the application of the principle of equitable exoneration is missing. The variables which are inherent in the tort action brought by Leavitt are succinctly stated in the concluding paragraph of the judge: "It cannot now be determined that Leavitt will establish liability against . . . [Benway] in the action of tort, or, if so, whether . . . [Benway's] responsibility for the conduct of Campbell will rest solely upon the prima facie evidence created by G. L. c. 231, § 85A, or upon that statutory evidence and other evidence; or upon evidence entirely apart from the evidence created by the statute. It cannot now be determined that Campbell will be found negligent in the operation of . . . [Benway's] motor vehicle. Neither . . . [Benway] nor . . . [Porter] concedes that Campbell was negligent. It cannot now be determined, if Leavitt shall establish liability against . . . [Benway], on what theory of negligence in relation to . . . [Benway's] motor vehicle such liability will depend.''

Leavitt has a right to pursue his causes of action to judgment through ordinary proceedings in the courts. In doing so he should be free from collateral judicial forecasts as to what the result should be. Benway must await, and not anticipate, the outcome of the trial. See *Merchants Mut. Cas. Co.* v. *Leone,* 298 Mass. 96, 100–101.

*Decree affirmed.*